### GLISSON, administrator, *v.* WEIL & COMPANY.

1. A suit against "A., administrator," on a promissory note containing the words "I promise to pay," and signed "B. Estate A., administrator (L. S.)," is a suit against A. as an individual.
2. A plea of plene administravit filed in such a suit by "A., administrator," is a plea by the defendant as an individual, and is an insufficient answer to the suit. When such a plea is stricken on demurrer, the defendant is liable for attorney's fees, where the note provides for the payment of attorney's fees and was executed prior to the passage of the act approved December 12, 1900 (Acts 1900, p. 53). Van Epps' Code Supp. § 6185.

Submitted June 10, — Decided June 27, 1903.

Complaint. Before Judge Bower. City court of Bainbridge. September 4, 1902.

*Albert H. Russell*, for plaintiff in error.

*Bower & Bower*, contra.

Совв, J. Suit was brought on a promissory note, the defendant being described as "J. J. Glisson, administrator." The note was signed "E. B. Glisson Estate J. J. Glisson, administrator (L. S.)," and contained the words "I promise to pay." The defendant filed

a plea of plene administravit, describing himself in the plea as "administrator." The court struck this plea on demurrer, and entered up judgment against J. J. Glisson as an individual for the full amount sued for, with interest and attorney's fees, holding that the suit was against Glisson as an individual, and that he was bound as such on the note. The defendant sued out a bill of exceptions complaining that the court erred in rendering judgment against him as an individual for the amount sued for, and also erred in awarding attorney's fees.

It is contended by the plaintiff in error, that, construing the petition and the note together, the suit was one against Glisson in his representative capacity, and not as an individual. Certainly the mere use of the word "administrator," in describing the defendant, would not make the suit one against him in a representative capacity. *Dozier* v. *McWhorter*, 117 *Ga.* 786. He is not described as administrator of any estate, though the addition of descriptive words referring to some particular estate would not alone have shown an intention to proceed against him as the representative of that estate. See *Saffold* v. *Banks*, 69 *Ga.* 289, 293; *Dozier* v. *McWhorter*, supra. The petition standing alone can not, therefore, be construed as a suit against the defendant in his representative capacity. Nor do we think the matter is changed by the note attached to the petition. Ordinarily an administrator or executor can not bind the estate by a promissory note, and a note signed by one so as to indicate an intention to contract in this capacity would not have this effect, but would bind him individually. *Printup* v. *Trammel*, 25 *Ga.* 242; *Lovelace* v. *Smith*, 39 *Ga.* 132; *McFarlin* v. *Stinson*, 56 *Ga.* 396. This being true, it is not to be presumed, unless the terms of the note require it, that the representative of an estate intended to bind it. Even if an administrator would be authorized under the law in any case to bind by promissory note the estate which he represents, it would be incumbent upon the person suing the administrator upon the note to show that it was given for a purpose authorized by law. Of course, if it is apparent that the plaintiff in the suit upon the promissory note intended to charge the defendant as the representative of the estate, the latter would be authorized to file as administrator any plea which would be appropriate to the case, and the plaintiff would not, without an averment of individual liability on the part of the defendant, be allowed to

recover against him as an individual, even though he was bound as such on the note. The plaintiff in error contends that the present case falls within this rule, because of the manner in which the note was signed. It is perhaps true that the defendant signed the note in this manner for the purpose of binding the estate, but we do not think it had this effect. If there is such a legal entity or person as "E. B. Glisson Estate," which could be bound on a promissory note, then this entity or person and J. J. Glisson are jointly and severally bound on the note, notwithstanding the note contains the words, "I promise to pay." *Booth* v. *Huff*, 116 *Ga.* 8. If the words, "E. B. Glisson Estate," identify no person or entity which could be bound on a note, then they are surplusage, and J. J. Glisson is the only one bound. Certainly the mere addition of the word "administrator" after J. J. Glisson's signature would not show an intention to bind the estate, even though it had been followed by words descriptive of some particular estate. Civil Code, § 2998; *Hopson* v. *Johnson*, 110 *Ga.* 283.

It is further contended, however, that inasmuch as the defendant filed a plea in his representative capacity, thus construing the suit to be against him in that capacity, he is not liable as an individual to pay attorney's fees, because he did not as an individual file any defense to the suit; the note having been executed prior to the passage of the act of December 12, 1900 (Acts 1900, p. 53, Van Epps' Code Supp. §6185). While it is doubtless true, as contended, that Glisson as an individual and Glisson in his representative capacity were separate and distinct persons, still we do not think the defendant filed any plea in his representative capacity. The case is stated in the caption to the plea as "E. A. Weil & Company *vs.* J J. Glisson, administrator," and the plea recites: "Now . . comes J. J. Glisson, administrator, the defendant," etc. Plainly this is a plea by the individual, the word "administrator" being merely descriptive of the person. Manifestly the nature and subject-matter of the plea can not be looked to to determine whether the plea was filed by the defendant as an individual or in his representative capacity. While the plea is one which would be appropriate only to an administrator, still it is filed by the defendant as an individual. He pleaded in the exact terms of the petition. The petition was against him as an individual, using the descriptive word "administrator," and he pleaded in manner and form as he was sued. His

plea was stricken on demurrer, and he therefore filed a plea which was not sustained, and under the law as it stood at the time of the execution of the note he was liable for attorney's fees.  See *Butler* v. *Loan Co.*, 94 *Ga.* 563 (5); *Mashburn* v. *Inman*, 97 *Ga.* 396; *Carlton* v. *White*, 99 *Ga.* 384.

We find no error in the rulings of the court of which complaint is made.        *Judgment affirmed.    All the Justices concur.*