HADEN *v.* CITY OF ATLANTA *et al.*

BELL, J.  1.  As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant has neither title nor possession nor any right to represent the person who has it; and a sale under these circumstances would be void as to the true owner. *Nelson* v. *Brown,* 174 *Ga.* 150 (2) (162 S. E. 276); *McLeod* v. *Brooks Lumber Co.,* 98 *Ga.* 253 (2) (26 S. E. 745); *Burns* v. *Lewis,* 86 *Ga.* 591 (5) (13 S. E. 123); Civil Code (1910), § 1018.

2.  Where a municipal corporation, after causing an illegal and void sale as indicated in the preceding note, discovered its invalidity and refunded to the purchaser the amount which he had paid, it then had the right to proceed in a proper manner to make an assessment against the true owner and to collect the taxes by a fi. fa. in personam against him, he having failed to return the property for taxation. *Wiley* v. *Martin,* 163 *Ga.* 381 (2) (136 S. E. 151). Whether or not the refund was actually necessary in order to proceed against the true owner need not be decided in the present case. See, in this connection, Commonwealth *v.* Ingalls, 121 Ky. 194, 28 Ky. L. R. 164 (89 S. W. 156).

3.  In the instant suit to enjoin the enforcement of the fi. fas. which were finally issued against the plaintiff as the true owner, it was alleged in effect that he was not given notice of any new assessment and was afforded no opportunity to be heard upon any such matter; but the answer of the defendants denied these allegations, and the plaintiff upon the hearing introduced no evidence in support of them. Accordingly, the court did not err in finding against the plaintiff on the issues made by these allegations. *McPhee* v. *Veal,* 76 *Ga.* 656; *Sapp* v. *Ritch,* 169 *Ga.* 33 (3) (149 S. E. 636).

4.  It did not appear that the error of the municipality in first proceeding against the wrong party had caused the plaintiff to do any act to his injury, and therefore the city was not estopped to proceed against him as the true owner. *Hancock* v. *King,* 133 *Ga.* 734 (2) (66 S. E. 949). Nor did the evidence require a finding that the city should be barred on the ground of laches, the period of limitations not having expired. *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (20) (53 S. E. 251).

5.  If the first sale had the effect of casting a cloud upon the plaintiff's title and this had not been removed, the plaintiff was not thereby relieved of his duty to pay the taxes, the remedy, if any, being a suit to cancel and remove the cloud upon the title. See *Verdery* v. *Dotterer,* 69 *Ga.* 194 (2).

# 870

6. If the assessments made against the plaintiff included some property not belonging to him, he could not enjoin a sale of his property thereunder without paying or offering to pay the proportion of the taxes lawfully charged against his property. *State* v. *Hancock,* 79 *Ga.* 799 (5 S. E. 248); *Bigham* v. *Chamlee,* 148 *Ga.* 488 (97 S. E. 407); *Herrington* v. *Ashford,* 157 *Ga.* 810 (2) (122 S. E. 197); *Peoples Credit Clothing Co.* v. *Atlanta,* 173 *Ga.* 653 (1) (160 S. E. 873).

7. Upon application of the foregoing rulings, the judge did not err in refusing an injunction.          *Judgment affirmed. All the Justices concur.*

No. 9467.   NOVEMBER 15, 1933.

*Mitchell & Mitchell* and *Hewlett & Dennis,* for plaintiff.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.