TURNER *v.* HALE.

No. 12787. MAY 9, 1939. REHEARING DENIED JUNE 19, 1939.

*Lovejoy & Mayer,* for plaintiff. *Wyatt & Morgan,* for defendant.

GRICE, Justice. Three attacks are made in the brief of counsel for the plaintiff: First, that the evidence demands a finding that the levy was excessive, and that the undisputed proof shows that the property was capable of being subdivided. Second, that the judge erred in his charge in placing a greater burden on the plaintiff than the law does, in that the judge charged in effect that before the plaintiff could have relief on the ground of an excessive levy it must be shown that the levy was so grossly excessive that it would be apparent to anybody that the levy was grossly excessive. Third, that there is nothing in the record to show that the Southern Chromium Company ever had any title to the land or was ever in possession. Counsel for the defendant insist that no such question as the one last stated was raised in the trial court. The petition, which was not demurred to, asserts that the sheriff's deed for taxes "is void for the further reason that said levy purported to be not only levy on the surface rights but also the mineral rights, and neither the mineral rights nor the surface rights were in the Southern Chromium Company; and consequently the deed from Mrs. F. V. Dollar to Fred C. Hale is likewise void." Counsel for the defendant in their brief say: "The record does not show any such point was raised in the lower court, and neither does the record show as to who had fee-simple title to the land in controversy at the time the execution was issued against Southern Chromium Company." The allegation quoted, taken in connection with the prayer that the "deeds set forth in the petition be caused to be delivered up and canceled" and "be declared null and void and of no binding force and effect," is, we think, in the absence of a demurrer, sufficient to raise the question as to the invalidity of the sale on the ground that the tax execution purely in personam was issued against a person who had neither the possession of the property nor any interest therein, and who had not returned it for taxes. "As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant has neither title nor possession nor

any right to represent the person who has it; and a sale under these circumstances would be void as to the true owner." *Haden* v. *Atlanta,* 177 *Ga.* 869, and cit. Applying this principle, it was erroneous to refuse a new trial on the general grounds. The possession of a mere caretaker who apparently was engaged only to protect the mineral rights of one who owned the mineral rights only would not constitute possession for the owner of the land. This ruling makes unnecessary a determination of the other two questions insisted on by counsel for the plaintiff.

*Judgment reversed. All the Justices concur, except Duckworth, J., who dissents.*

REID, C. J., and ATKINSON, P. J., concur in the judgment, but not in all that is said in the opinion.