MEMORY, administrator, *v.* Walker *et al.*
WALKER *v.* MEMORY, administrator.

Nos. 18211, 18259.  ARGUED MAY 11, 1953—DECIDED JUNE 8, 1953—
REHEARING DENIED JULY 15, 1953.

*Memory, Barnes & Memory,* for plaintiff in error.

*Lee S. Purdom* and *Harvey D. Griffin,* contra.

ALMAND, Justice. ■ The rulings announced in the first head-note do not require elaboration.

■ The tax executions were issued against "J. M. Davis, agent of Nellie Davis estate." Hence, the words, "agent of Nellie Davis estate," following the name J. M. Davis, are merely descriptio personae, and the executions are against J. M. Davis personally. *Glisson* v. *Weil & Co.,* 117 *Ga.* 842 (1) (45 S. E. 221). If the executions be considered as issued against the estate of Nellie Davis, they are likewise invalid. "A tax execution issued merely against the estate of a named person, not being an execution in rem and being against no person as a defendant

in fi. fa., is void." *Wilson* v. *City of Eatonton,* 180 *Ga.* 598 (1) (180 S. E. 227), and citations.

However, "a deed properly executed by a sheriff pursuant to a sale under a tax execution, even if void for any reason, is such color of title as will support prescription by seven years' adverse possession." *Smith* v. *Jefferson County,* 201 *Ga.* 674 (1) (40 S. E. 2d, 773). It follows that, though the tax deed in the present case was void, it constituted color of title.

■ A controlling question is whether the evidence was sufficient to authorize a finding that the defendant and his grantor had been in adverse possession for seven years. The acts relied on to show adverse possession were in effect: A named person recognized the ownership and possession of the defendant's grantor and was permitted to work a few old boxes on pine trees for three or four years; the defendant's grantor plowed fire breaks to protect the growing young trees, and burned fire breaks on two sides to keep fire off of the land; he planted pine trees for two or three years, but not many of them lived; he had the land surveyed, and the corners and the land lines marked; he kept fire off of the land continuously until the trees got up to seven or eight years old; he kept trespassers from getting wood off of the land, and kept named persons from working turpentine trees thereon; he worked the fire breaks four or five times annually, and observed the land quite often to see if anyone was trespassing on it, or had fire on it; he returned the property for taxation and paid taxes thereon for 12 or 14 years.

The evidence shows that there was no dwelling or outhouse of any kind on the land in question. It was not fenced, and no part of it was in cultivation. In such circumstances the acts relied upon by the defendant and his grantor do not amount to actual, open, visible, exclusive, and unambiguous possession of land. Code, § 85-402; *Anderson* v. *Barron,* 208 *Ga.* 785, 794 (69 S. E. 2d, 874), and cases cited.

It follows that the evidence was insufficient to support the verdict in favor of the defendant, and the trial judge erred in overruling the petitioner's motion for a new trial.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Atkinson, P. J., not participating.*