19294.   PATTERSON *v.* FLORIDA REALTY & FINANCE
CORPORATION *et al.*

ARGUED APRIL 9, 1956—DECIDED MAY 14, 1956—REHEARING DENIED
JUNE 14, 1956.

*Richard T. Nesbitt,* for plaintiff in error.

*Robert W. Spears, Wm. G. Grant,* contra.

*Newell Edenfield, J. C. Savage, Henry L. Bowden, Robert S. Wiggins, Ferrin Y. Matthews, Harold Sheats,* for party at interest, not party to record on motion for rehearing.

WYATT, Presiding Justice. 1. (a) The first question to be considered is whether or not the interest of the petitioners (defendants in error here), was divested by the sale for taxes in 1947. Defendants in error contend that it was not, upon the theory that under the act of 1949, supra, all that is required to obtain good title under a tax deed, unless the property is redeemed, is to hold

the deed for seven years, and that at the end of that time, the holder of the deed becomes vested with fee-simple title to the exclusion of all other claims or liens, including the claim of the City of Atlanta for taxes accruing to that date, and to the exclusion of any claim under and by virtue of the sale for taxes in 1947. We cannot agree with this contention. A mere reading of the act of 1949, supra, will reveal that it did not and was not intended to exempt property sold for taxes from taxation for seven years after it was so sold or until it was redeemed. It simply provided a method for perfecting title to property sold under an execution for taxes.

(b) Since it has been held above that the property here involved was subject to taxes for the years 1940-1946 and was subject to levy and sale to satisfy the claim of the City of Atlanta for those accrued taxes, the question arises as to whether or not the property was legally and validly sold in 1946. It will be noted that the execution in 1947 was levied in the name of Mrs. Lillian Worsham against the property as the property of Mrs. Lillian Worsham, and that the property was sold as the property of Mrs. Lillian Worsham. This occurred after the property had been sold to the plaintiffs' remote grantor in 1943 under an execution against the property as the property of Mrs. Lillian Worsham for 1936 taxes.

While it is true that the title which the purchaser acquires in consequence of a tax sale is not a perfect, fee-simple title, but is a defeasible title which terminates upon redemption within the time prescribed by statute, until redeemed, the purchaser acquires an interest in the property even during the time within which it might be redeemed, which is sufficient to render him liable for taxes accruing upon the property. See *James* v. *Florida Realty &c. Corp.*, 208 *Ga.* 652 (68 S. E. 2d 601), where it was held that property purchased by the City of Atlanta at a tax sale was exempt from taxes as public property, under Code (Ann.) § 2-5404 and Code (Ann. Supp.) § 92-201, while it was held by the City of Atlanta. See also *Braswell* v. *Palmer*, 191 *Ga.* 262 (11 S. E. 2d 889); *The B-X Corp.* v. *Jeter*, 210 *Ga.* 250 (78 S. E. 2d 79); and *Bourquin* v. *Bourquin*, 120 *Ga.* 115 (47 S. E. 639).

"As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when

the defendant has neither title nor possession nor any right to represent the person who has it; and a sale under these circumstances would be void as to the true owner." *Turner* v. *Hale*, 188 *Ga.* 197 (3 S. E. 2d 591). See also *Martin* v. *Clark*, 190 *Ga.* 270 (9 S. E. 2d 54) ; and *Haden* v. *City of Atlanta*, 177 *Ga.* 869 (171 S. E. 703). Therefore, the tax execution and sale in the instant case in 1947 being in personam against the property of a defendant in fi. fa. who had no title, possession, or right to represent one who did, was void as against the owner, under the cases above cited. Therefore, the City of Atlanta took nothing under the tax deed executed in pursuance thereof, and the defendants in error were not divested of their interest thereby.

2. It is next contended that the description in the tax deed executed to the defendants' remote grantor in 1943 was insufficient to convey any interest in the realty involved. There is no merit in this contention. Under the rulings in *Petretes* v. *Atlanta Loan &c. Co.*, 161 *Ga.* 468 (131 S. E. 510), and *King* v. *Brice*, 145 *Ga.* 65 (88 S. E. 960), the description in the deed in the instant case was sufficient to furnish a key as to the property so as to permit the introduction of extrinsic evidence to identify the property conveyed. The instant case differs from *Conyers* v. *West*, 210 *Ga.* 190 (78 S. E. 2d 422), in that the property in the instant case is described as a lot in the southeast corner of the intersection of two named streets in the City of Atlanta, and the description in the deed in the *Conyers* case, supra, simply stated that the property fronted on a given street a stated number of feet, no starting point being given.

3. Since, as ruled above, the City of Atlanta had no interest in the property at the time they executed the quitclaim deed to the plaintiff in error, and since Mrs. Lillian Worsham had no interest in the property at the time she executed a quitclaim deed to the plaintiff in error because more than seven years had passed since the property had been sold for taxes, and under the 1949 act, supra, fee-simple title had vested in the defendants in error, the claim of the plaintiff in error was by and through persons having no interest in the property in question. It was, of course, not error to rule that he had no interest in the land.

4. The plaintiff in error contended in the court below and contends in this court that the act of 1949, supra, was and is un-

constitutional as violative of art. III, sec. VII, par. VIII (Code, Ann., § 2-1908) of the Constitution of the State of Georgia. The provision referred to reads as follows: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." There is no merit in this contention. A mere reading of the act of 1949, supra, is sufficient to show that only one subject matter, that is, the right to redeem property sold for taxes, is referred to, and that every provision in the body of the act is specifically expressed in the title.

5. It follows, from what has been said above, the judgment of the court below affirming the report of the examiner, to the effect that the defendants in error were entitled to have the property registered as prayed, was not error. ·

*Judgment affirmed. All the Justices concur.*