S95A0984. MOULTRIE v. WRIGHT.

(464 SE2d 194)

HUNSTEIN, Justice.

In 1966 appellant Moultrie acquired title by deed to real property designated as Lots 1, 2, 3 and 4, Block 13, East Savannah, Meyer Ward, Savannah, Chatham County. He fenced the yard, erected a small structure on the property and stored plumbing supplies there. In 1975, Lots 3 and 4 were sold to Chatham County at a tax sale for 1974 and prior years' taxes. The deed to Chatham County, executed by the Chatham County tax commissioner, was recorded in the county deed records. In April 1986, the property was sold as surplus to Ronald McIntosh by quitclaim deed. In November 1985, a document apparently intended as a notice of the bar of redemption was filed in the office of the Clerk of the Superior Court of Chatham County.[1] In July 1986, McIntosh conveyed the property by warranty deed to appellee Wright, a neighbor of appellant. Appellant continued to store his belongings on the property until September 1987 when appellee commenced removal of appellant's personal property from the premises. Appellant filed this action to stop further removal and

---

[1] See OCGA § 48-4-45. Defendants in fi. fa. have a right to pay the amount required to redeem their property pursuant to OCGA § 48-4-40 by payment of the redemption price as calculated under OCGA § 48-4-42. The right to redeem may be exercised at any time within 12 months from the date of the sale, OCGA § 48-4-40 (1); after 12 months the right to redeem may be exercised until that right is foreclosed by the giving of notice provided for in OCGA § 48-4-45 or until that right is foreclosed by the passage of time. OCGA § 48-4-40 (2). See *Wallace v. President Street,* 263 Ga. 239 (1) (430 SE2d 1) (1993).

to recover damages for personalty already removed. More than six years later, he amended his complaint, alleging that his right to redeem had not been foreclosed and seeking to redeem the property or, in the alternative, a declaration of fee simple title in him. He tendered $3,500 into court as the amount he believed was sufficient to redeem the property.

Following a bench trial, the trial court entered an order finding that there appeared to be no evidence of record in the office of the Clerk of the Superior Court of Chatham County that the notice of redemption was ever served on appellant.[2] However, the trial court found that "because [appellant's] right of redemption was barred by prescription" the issue of the adequacy of the notice of the bar of redemption was moot. The trial court also found appellant had abandoned his personal property. Judgment was entered in favor of appellee and appellant filed this appeal.

1. Appellant contends that the trial court erred in concluding that the county acquired fee simple title to the property, notwithstanding the failure of the county to notify appellant of the foreclosure of his right to redeem as required by OCGA § 48-4-45. The trial court found that the county's title had ripened by prescription. We need not address appellant's argument that this finding was error in the absence of any evidence the county had ever taken physical possession of the property because we find that appellant's attempt to redeem this property is time barred.

It is well established that the General Assembly may constitutionally limit the duration of the right to bring an action on a claim. See, e.g., *Love v. Whirlpool Corp.*, 264 Ga. 701 (1) (449 SE2d 602) (1994); *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (1) (437 SE2d 308) (1993). Similarly, in the interest of the certainty of title and the free alienability of property, the General Assembly determined that the obligation to afford notice of the right to redeem should be limited in time and that the right to redeem may be foreclosed by the passage of time. In other words, the General Assembly adopted a statute of repose. In 1949, Ga. L. 1937, pp. 491-496 (dealing with redemption after a tax sale) was amended by adding new sections 2-A and 2-B. Ga. L. 1949, p. 1132, codified as Code Ann. § 92-8315. The first sentence of new section 2-A provided that nothing contained in the prior law should prevent title under a tax deed from ripening by prescription seven years after the date of the execution of the deed. The *second* sentence of section 2-A declared that any tax deed executed at a valid sale held by the State or any subdivision

---

[2] The record in this case contains a photocopy of a notice of redemption which shows on its face that it was filed for record in the Office of the Clerk of the Superior Court of Chatham County on November 20, 1985.

thereof, including, but not limited to counties, would, after the expiration of seven years from the date of the deed, convey and operate to vest in the grantee, his heirs or assigns, fee simple title to the property described in the deed. This was the law in effect at the time the tax deed was executed. Although in 1978 the General Assembly repealed former Title 92 of the Code of 1933 and replaced it with a comprehensive amendment to the revenue laws in the form of Title 91A. Ga. L. 1978, pp. 309-795, section 438 of then new Title 91A contained language virtually identical to former Code Ann. § 92-8315, Ga. L. 1978, pp. 309, 362, and is the same language that was carried over into the Official Code of Georgia Annotated as § 48-4-48. Thus, under the law in effect as of the expiration of seven years from the execution of the deed,[3] to-wit, October 1982, fee simple title vested absolutely in the county and the county was fully capable of conveying fee simple title to the property to appellee's predecessor in title.[4]

While appellant had the absolute right to redeem the property for 12 months following the sale in 1975, OCGA § 48-4-40 (1), the evidence is uncontroverted that appellant failed to exercise that right. For the following six years, the county could not have foreclosed appellant's right to redeem the property without notice of the bar of redemption. OCGA § 48-4-40 (2). However, the evidence is uncontroverted that the county took no action regarding the property during those six years and that appellant did not redeem the property. Upon the expiration of the seven-year period in OCGA § 48-4-48, the county's title was no longer subject to defeasance through redemption. Any failure to provide notice of a bar of redemption during those six years is not relevant to the resolution of this case. *Patterson v. Florida Realty &c. Corp.*, 212 Ga. 440 (1) (93 SE2d 571) (1956). Moreover, we find no merit to appellant's argument that his continued possession, adverse to the title of the county, has vested fee simple title in him.[5]

We affirm the trial court's conclusion that the fee simple title vested absolutely in the county and that, as a result, appellee acquired such title.

2. Appellant also enumerates as error the trial court's conclusion that because he had abandoned the personal property located on the

---

[3] OCGA § 48-4-48 was amended in 1989 by Ga. L. 1989, p. 1391. That amendment is not applicable to this case as the rights of the tax deed grantee (in this case, the county) in the property had fully vested prior to the effective date of the amendment. See *Bullard v. Holman*, 184 Ga. 788, 792 (193 SE 586) (1937).

[4] Appellant has not challenged the validity of the tax sale.

[5] As of the valid 1975 tax sale to the county, appellant had no color of title and adverse possession will not run against a county as to property owned by it whether for governmental or proprietary purposes. *Grand Lodge v. Thomasville*, 226 Ga. 4 (3) (c) (172 SE2d 612) (1970).

subject parcels, appellee's removal thereof was not a conversion. Whether the personal property was abandoned is a mixed question of law and fact. *Gaston v. Gainesville &c. Electric R. Co.*, 120 Ga. 516 (3) (48 SE 188) (1904). There was undisputed evidence that appellee had apprised appellant that she had purchased the property and had made numerous requests over the period of a year that he remove his belongings. As the trier of fact in this case, the trial court could properly find that appellant had abandoned his property. The trial court's findings are not clearly erroneous and it was not error to conclude that appellee had not unlawfully converted appellant's personal property.

*Judgment affirmed. All the Justices concur, except Carley and Thompson, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

In Division 1 of its opinion, the majority holds that it need not address the trial court's finding that title ripened by prescription because, "under the law in effect as of the expiration of seven years from the execution of the deed . . . , fee simple title vested absolutely in the county. . . ." In my opinion, *Patterson v. Florida Realty &c. Corp.*, 212 Ga. 440, 443 (3) (93 SE2d 571) (1956) mandates this holding and, therefore, I concur in the majority's judgment of affirmance. However, I am not convinced that *Patterson* was rightly decided or that this result was intended by the General Assembly when it enacted Ga. L. 1949, pp. 1132, 1133, § 2-A.

Although the purchaser at a tax sale receives a deed to the property, this tax deed does not vest in the purchaser absolute title to the property. *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 240 (2) (316 SE2d 537) (1984). The "title" that the purchaser acquires is subordinate to the right of the defendant in fi. fa. to redeem the property, "and until the expiration of the period which the law fixes in which [the defendant in fi. fa.] might exercise this right [his] title as owner [is] not divested." *Morrison v. Whiteside*, 116 Ga. 459, 462 (42 SE 729) (1902).

Under *Patterson*, the defendant in fi. fa. would lose his right of redemption by the mere passage of a seven-year period. However, this construction of Section 2-A fails to give effect to the entirety of the language contained in that statutory provision. By its terms, Section 2-A provided for the ripening of title under a tax deed *by prescription* after a seven-year period. It is a fundamental rule of construction that all of the words of a statute are to be given due weight and meaning. *Boyles v. Steine*, 224 Ga. 392, 395 (162 SE2d 324) (1968). Therefore, the phrase "by prescription" cannot be ignored.

Title by prescription is defined as "the right to property which a *possessor* acquires by reason of the continuance of his *possession* for

a period of time fixed by law." (Emphasis supplied.) OCGA § 44-5-160. Without possession, there can be no ripening of prescriptive title. Thus, in addition to divesting the defendant in fi. fa. of his title through timely notice of foreclosure of his right of redemption, a purchaser at a tax sale could acquire fee simple title to the property under Section 2-A "by prescription after a period of seven years. . . ." However, a purchaser who seeks to establish his title by prescription, rather than by the giving of notice of foreclosure of the right of redemption, must show his adverse possession of the property for the requisite period. OCGA § 44-5-161. See *Memory v. Walker*, 209 Ga. 916, 918 (2, 3) (76 SE2d 698) (1953); *Carnes v. Pittman*, 209 Ga. 639, 642 (74 SE2d 852) (1953); *McDonald v. Wimpy*, 202 Ga. 8, 12 (2) (41 SE2d 257) (1947); *Smith v. Jefferson County*, 201 Ga. 674, 678 (1) (40 SE2d 773) (1946).

The contrary holding in *Patterson* appears to be based exclusively upon the second sentence of Section 2-A, which does not specifically mention prescription. However, Section 2-A is captioned as "Title under tax deed to ripen by prescription." "The title or caption of the act . . . , while no part thereof, may always be examined by the court when the act is doubtful, for the purpose of finding the legislative intent thereof. . . ." *Moore v. Robinson*, 206 Ga. 27, 40 (6) (55 SE2d 711) (1949). Furthermore, both the first *and third* sentences of section 2-A specifically refer to title by prescription. In construing the statute "so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute. [Cit.]" *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970). Therefore, in my opinion, the second sentence of section 2-A also envisions title by prescription and review of *Patterson* reveals that this Court did not fully consider whether prescription had to be shown.

I also note that subsequent to the relevant time period in this case, the General Assembly has further amended the statute. OCGA § 48-4-48 now clearly provides for prescription as the only basis for the ripening of title under a tax deed in the absence of notice of foreclosure of the right of redemption. Ga. L. 1989, p. 1391, § 3.

If the 1989 amendment were applicable here, Moultrie would not have lost his right of redemption by the mere passage of a seven-year period. It is undisputed that neither the county nor its successors in interest were ever in possession of the property after the sale, since Moultrie remained in possession thereafter. Accordingly, title based on the tax deed would not have ripened by prescription as required by OCGA § 48-4-48 (a).

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED DECEMBER 4, 1995.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr.*, for appellant.

*Clyde M. Thompson, Jr.*, for appellee.