S05A0877. COMMUNITY RENEWAL AND REDEMPTION, LLC v. NIX.
(621 SE2d 722)

BENHAM, Justice.

This appeal involves the exercise of the right of redemption of property sold at a tax sale.[1] The property in question was sold by DeKalb County in December 1993 to satisfy a tax delinquency. There being no other purchaser, DeKalb County took the property under a tax deed, held it until February 1999, and then sold it to Nix. The defaulting taxpayer quitclaimed her interest in the property to Community Renewal and Redemption, LLC (CRR) in January 2003. In that same month, CRR sought to redeem title by tendering to Nix what it contended was the correct redemption price pursuant to OCGA § 48-4-42. When Nix refused the tender, CRR filed suit seeking to force redemption of the property. On cross-motions for summary judgment, the trial court ruled that title had vested in DeKalb County prior to its sale of the property to Nix, foreclosing CRR's effort to redeem title, and that all other issues were moot. CRR seeks reversal of the grant of summary judgment to Nix and a ruling that denial of its motion for summary judgment was error.

---

[1] Pursuant to OCGA § 48-4-40, a person whose property has been sold for a tax delinquency, or any person with an interest in the property, has a right to redeem the property by paying the redemption price calculated according to OCGA § 48-4-42. That right exists for at least 12 months (OCGA § 48-4-40 (1)), and continues thereafter until the right of redemption is foreclosed by notice pursuant to OCGA § 48-4-45 or by the ripening of the purchaser's title through prescription. OCGA § 48-4-48.

1. The trial court based its conclusion that title had vested in DeKalb County prior to the sale to Nix on this Court's holding in *Moultrie v. Wright*, 266 Ga. 30 (1) (464 SE2d 194) (1995), that under the provisions of OCGA § 48-4-48 as it was at the time of the tax sale in that case, the expiration of a statutorily-designated period without an effort to redeem placed the purchaser's title beyond defeasance through redemption. *Moultrie v. Wright*, supra, followed the holding in *Patterson v. Florida Realty &c. Corp.*, 212 Ga. 440 (1) (a) (93 SE2d 571) (1956), that the predecessor to OCGA § 48-4-48 "provided a method for perfecting title to property sold under an execution for taxes." The language on which *Moultrie* and *Patterson* were based was the second sentence of section 2-A of the statute which provided in pertinent part as follows: "Any tax deed properly executed at a valid and legal sale . . . shall convey after the expiration of seven years from the date of the tax deed a fee simple title. . . ." Ga. L. 1949, pp. 1132, 1133, § 2-A.

However, in a special concurrence in *Moultrie*, Justice Carley pointed out OCGA § 48-4-48 was amended in 1989 to remove that language and the statute now makes clear that for all tax deeds executed after July 1, 1989, the ripening of title must occur by prescription, not by the mere passage of time. Citing that concurrence, this Court held in *Blizzard v. Moniz*, 271 Ga. 50, 54 (518 SE2d 407) (1999), that "the plain language of OCGA § 48-4-48 . . . requires . . . adverse possession by the tax deed grantee in order for title to ripen under the statute." The trial court here recognized the effect of the 1989 amendment, but held the amendment to the statute did not serve to change the existing state of the law until this Court's decision in *Blizzard*, supra, in 1999.

The trial court thus conflated the statute with the appellate interpretation of the statute, delaying the effect of the amendment until this Court issued a decision recognizing the change made by the statute. The trial court's holding conflicts with OCGA § 1-3-4, which provides that legislative acts become effective either on the date specified in the act or on July 1 or January 1, whichever comes first after enactment of the legislation, and with OCGA § 1-3-6, which provides that "[a]fter they take effect, the laws of this state are obligatory upon all the inhabitants thereof." The 1989 amendment became effective on July 1, 1989, and specified that a four-year period of prescription applied to all tax deeds executed after that date, but omitted the language which *Moultrie* and *Patterson* found to cause fee simple title to vest by the passage of time alone without regard to the requirements for prescriptive title. The requirement for adverse possession recognized in *Blizzard* became effective in 1989 when the amendment to the statute became effective, not when *Blizzard* recognized the change in 1999. See *Smith v. State of Ga.*, 218 Ga. App.

429 (1) (461 SE2d 553) (1995), recognizing that subsequent statutory amendment supersedes an appellate court's statutory construction.

Since the tax deed in this case was executed after July 1, 1989, the pre-1989 provision recognized in *Moultrie* and *Patterson* as providing for the vesting of title by the passage of time alone was no longer in effect, and the trial court erred in ruling that title had vested in DeKalb County by virtue of the passage of time. It follows that the trial court erred in granting summary judgment to Nix on that basis.

2. Asserting the record shows Nix did not take the steps necessary to take title by prescription, CRR urges this Court to apply a right-for-any-reason analysis and reverse the trial court's denial of its motion for summary judgment. However, the trial court's decision to grant summary judgment to Nix and deny it to CRR based on an erroneous legal theory not only left unanswered the question of Nix's entitlement to prescriptive title, but also left unresolved other defenses raised by Nix and pending motions filed by both sides. Under those circumstances, we believe judicial economy is best served by merely reversing the judgment entered below and permitting the trial court, upon the return of the remittitur, to consider the remaining issues on their merits. *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 7, 2005.

*Sam G. Dickson*, for appellant.
*Wood & Meredith, Hugh C. Wood*, for appellee.

