S08A1548. BX CORPORATION et al. v. HICKORY HILL 1185, LLC.

(673 SE2d 205)

HINES, Justice.

This appeal stems from an order entered pursuant to OCGA § 23-3-60[1] et seq., in this dispute between Hickory Hill 1185, LLC ("Hickory Hill") and The BX Corporation ("BX") over title to a vacant lot ("property") in DeKalb County. The superior court adopted and affirmed the findings of the special master and established title to the property in Hickory Hill subject to redemption of the tax deed of BX. For the reasons that follow, we affirm.

The salient facts are not in dispute. The property has a chain of title reflecting numerous tax sales. In 1972, Mullings purchased the property, and when Mullings failed to pay the taxes on it, the property was sold in a 1979 tax sale at which DeKalb County was the purchaser. In 1982, DeKalb County conveyed the property by quitclaim deed to Hicks, who subsequently also failed to pay the property taxes. As a result, in 1984, the property was sold in a second tax sale to BX. BX too failed to pay the taxes, so the property was sold in a third tax sale in December 1993 to DeKalb County. Prior to this, in March 1993, BX's president executed an affidavit, filed and recorded in April 1993, averring that BX's title to the property acquired under the tax deed had statutorily "ripened by prescription"; however, BX had not been in possession of the property by adverse possession or otherwise. BX did not file a notice of barment under OCGA § 48-4-45.[2] No one attempted to redeem the property in the seven years following the 1984 deed to BX. In 2000, Mullings executed a quitclaim deed for the property in favor of Dickson, manager of Community Renewal and Redemption, LLC ("CRR"). Dickson paid

---

[1] OCGA § 23-3-60 provides:

The purpose of this part is to create a procedure for removing any cloud upon the title to land, including the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein.

[2] OCGA § 48-4-45 provides in relevant part:

(a) After 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure, as provided for in this article . . . .

the back taxes to DeKalb County. Also in 2000, Hicks executed a quitclaim deed to CRR. In 2006, Dickson and CRR conveyed the property to Hickory Hill by warranty deed; Hickory Hill sought unsuccessfully to redeem the property pursuant to OCGA § 48-4-42[3] in regard to the tax deed held by BX. Hickory Hill then instituted the present petition to quiet title, seeking a declaration that it held fee simple title to the property.[4] It further requested referral of the matter to a special master and a finding that it was entitled to redeem BX's tax deed. BX answered and counterclaimed, asserting to be the fee simple owner of the property.[5] BX also filed a motion for judgment on the pleadings, asking that the superior court dismiss Hickory Hill's petition and enter a final order declaring BX to be the owner of the property free and clear of any claim by Hickory Hill. The superior court referred the matters to a special master. Following a hearing, the special master denied BX's motion for judgment on the pleadings. BX then moved the superior court to overrule the special master, or in the alternative, to adopt the findings of the special master and certify the case for immediate review. The superior court denied the motion to overrule the special master, adopted the findings of the special master, and denied the request for a certificate of immediate review. Following a second hearing, the special master determined that Hickory Hill held an interest in the property as a result of the warranty deed from Dickson and CRR, and that BX held a tax deed from the 1984 purchase. The special master concluded that fee simple title was vested in Hickory Hill subject to BX's tax deed, which might be redeemed by Hickory Hill to obtain indefeasible title to the property. The superior court adopted the findings and conclusions of the special master and entered the final

---

[3] OCGA § 48-4-42 provides:

The amount required to be paid for redemption of property from any sale for taxes as provided in this chapter, or the redemption price, shall with respect to any sale made after July 1, 2002, be the amount paid for the property at the tax sale, as shown by the recitals in the tax deed, plus any taxes paid on the property by the purchaser after the sale for taxes, plus any special assessments on the property, plus a premium of 20 percent of the amount for the first year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made and 10 percent for each year or fraction of a year thereafter. If redemption is not made until more than 30 days after the notice provided for in Code Section 48-4-45 has been given, there shall be added to the redemption price the sheriff's cost in connection with serving the notice and the cost of publication of the notice, if any. All of the amounts required to be paid by this Code section shall be paid in lawful money of the United States to the purchaser at the tax sale or to the purchaser's successors.

[4] The amended complaint named as respondents, in addition to BX, adjoining property owners, any tenants or parties in possession of the subject property, and unknown parties with any interest in the subject property.

[5] BX also asserted a claim for attorney fees and expenses of litigation pursuant to OCGA § 13-6-11.

judgment at issue, conveying title to the property to Hickory Hill following its redemption of BX's 1984 tax deed.[6] BX challenges the superior court's final judgment as well as its earlier ruling upholding the denial of BX's motion for judgment on the pleadings. However, the challenges are unavailing.

The title acquired by BX by virtue of its status as holder of the tax deed to the property was not a perfect fee simple title, but rather an inchoate or defeasible title subject to the right of redemption. *Mark Turner Properties v. Evans*, 274 Ga. 547, 548 (1) (554 SE2d 492) (2001). After expiration of the statutory period for redemption, the right to redeem may be barred either by the giving of notice under OCGA § 48-4-45, which did not occur in this case, or the ripening of title pursuant to OCGA § 48-4-48 (1989). *Mark Turner Properties v. Evans*, supra at 548 (1).

OCGA § 48-4-48 (a) governs the ripening of title obtained by a tax deed executed prior to July 1, 1989; it states: "A title under a tax deed properly executed at a valid and legal sale prior to July 1, 1989, shall ripen *by prescription* after a period of seven years from the date of execution of that deed." (Emphasis supplied.) The predecessor to OCGA § 48-4-48, which likewise

> provided a method for perfecting title to property sold under an execution for taxes . . . provided in pertinent part . . . : "Any tax deed properly executed at a valid and legal sale . . . shall convey after the expiration of seven years from the date of the tax deed a fee simple title. . . ." Ga. L. 1949, pp. 1132, 1133, § 2-A.

*Community Renewal and Redemption, LLC v. Nix*, 279 Ga. 840, 841 (1) (621 SE2d 722) (2005). This former statutory scheme has been interpreted as providing a situation of repose. *Moultrie v. Wright*, 266 Ga. 30 (464 SE2d 194) (1995); *Patterson v. Fla. Realty & Finance Corp.*, 212 Ga. 440, 443 (3) (93 SE2d 571) (1956). Thus, although formerly the ripening of title occurred by the mere passage of time, OCGA § 48-4-48 as amended in 1989, mandates that the ripening of title must occur by prescription, i.e., adverse possession by the tax deed grantee. *Community Renewal and Redemption, LLC v. Nix*, supra at 841 (1); *Blizzard v. Moniz*, 271 Ga. 50, 54 (518 SE2d 407) (1999).

Citing *Moultrie v. Wright*, BX argues that because its tax deed was executed on June 5, 1984, the former statutory scheme is applicable and, under such, it became the fee simple owner of the

---

[6] The total redemption payoff was determined to be $3,961.04.

property seven years later on June 5, 1991 without the necessity of its adverse possession.[7] However, the plain language of present OCGA § 48-4-48 (a) makes it expressly applicable to tax deeds executed prior to July 1, 1989, and, as noted, it requires adverse possession by the tax deed grantee in order for title to ripen; simply, it "is not a statute of repose which operates to foreclose the right of redemption upon the mere passage of time." *Mark Turner Properties v. Evans*, supra at 549 (2).

*Moultrie v. Wright* is of no aid to BX. In *Moultrie*, the deed in question was executed in 1975, and this Court determined that under the law in effect as of the expiration of seven years from the execution of the deed, that being 1982, fee simple title vested absolutely in the tax deed grantee, Chatham County. Thus, the tax deed grantee's right to indefeasible title vested prior to the 1989 amendment to OCGA § 48-4-48. This case presents a significantly different situation; the tax deed to BX was executed in 1984, and therefore, the seven-year time frame had not expired prior to the effective date of the amendment. Thus, title to the property had not vested, and BX is subject to the adverse possession requirement contained in OCGA § 48-4-48 (a). Compare *Selph v. Williams*, 284 Ga. 349 (667 SE2d 40) (2008) (operative statutory enactment expressly provided that it not apply to or affect prior tax sales or outstanding tax deeds).

There is likewise no merit to BX's further claim that the superior court's determination is antagonistic to the impairment clauses of the State and Federal Constitutions.[8] U. S. Const., Art. 1, Sec. 10; Ga. Const. of 1983, Art. I, Sec. I, Par. X. Its reliance upon *Wood v. Lovett*, 313 U. S. 362 (61 SC 983, 85 LE 1404) (1941) is misplaced. That case involved the effect on title rights of purchasers in the situation of land forfeited to the State of Arkansas and sale in turn by the state, in which title had vested. Id. As correctly noted by Hickory Hill, the amendment of OCGA § 48-4-48 changed the process for a tax deed purchaser to obtain fee simple title, not the right to obtain such title. In addition, the present case does not involve a situation of vested rights. Furthermore, the application of a statutory amendment is not unconstitutionally retroactive when the rights involved have not fully vested prior to the effective date of the amendment, as in the present case. *Mark Turner Properties v. Evans*, supra at 551 (4).

---

[7] BX does not contend that it has ever adversely possessed the property.

[8] BX does not challenge the facial validity of OCGA § 48-4-48.

It was not error for the superior court to deny BX's motion to overrule the special master, and to find title to the property in Hickory Hill subject to the redemption of BX's tax deed.[9]

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey,* for appellants.

*Ayoub & Mansour, John A. B. Ayoub,* for appellee.

---

[9] Our decision renders moot BX's contention regarding a lack of entitlement by Hickory Hill to a lien against the property for the redemption amount paid by Dickson.