**In re Bernice Smith DRUMMER, Debtor,**

**Greyfield Resources, Inc., Movant,**

v.

**Bernice Smith Drummer, and Adam M. Goodman, Trustee, Respondents.**

No. 11–54846–jrs.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 5, 2011.

C. Terry Blanton, Christine M. Parrish, for Movant.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Respondent.

### ORDER

JAMES R. SACCA, Bankruptcy Judge.

Before the Court is the Movant's Motion for Relief from Stay [Doc. No. 11] (the "Motion") to proceed with the foreclosure of the equity of redemption with respect to Debtor's residence located at 4690 Kent Road, NW, College Park, Fulton County, GA, 30331 (the "Property"), title to which Movant acquired at a tax sale on February 2, 2010. The matter came on for hearing on April 21, 2011. The parties stipulated the facts and certain exhibits and the matter was taken under advisement. In addition to the Motion, stipulations, exhibits and arguments of counsel, the Court has considered Debtor's "Brief in Response to Court's Direction" [Doc. No. 27], the Movant's "Brief in Support of Motion for Relief from Stay" [Doc. No. 28] and all other matters of record.

In the Motion, the Movant seeks relief from the automatic stay under § 362(d) of the Bankruptcy Code to complete the statutory proceeding under Georgia law to foreclose the equity of redemption in connection with a tax sale of the Property pursuant to O.C.G.A. §§ 48–4–40 to –48 (the "Barment Statutes"). Accordingly, the Court must determine the parties' respective interests in the Property; whether, or under what circumstances, the Property may be redeemed; and whether the parties have met their respective burdens under § 362(d).

### FINDINGS OF FACT

The Debtor filed her Chapter 13 bankruptcy petition on February 18, 2011. Movant is the holder of a tax deed (the "Deed") on the Property from the Sheriff of Fulton County, Georgia dated February 2, 2010 and recorded on April 8, 2010. Hr'g Ex. 3. The Deed was acquired by Movant at a Sheriff's tax sale (the "Sale") after it successfully purchased the Property, having bid the amount of $11,000. The tax sale of the Property was based upon a *fieri facias* for unpaid state and county taxes for tax year 2005 in the principal amount of $948.07. Hr'g Ex. 2. Debtor's "Schedule A–Real Property" lists the Property as an asset in which the Debtor

asserts she has a fee simple interest with a value of $55,000. [Docket No. 17]. On her "Schedule D–Creditors Holding Secured Claims," she has listed "HFC" as the holder of a mortgage on the Property in the amount $74,000.[1] *Id.* Movant is listed by Debtor on her "Schedule E–Creditors Holding Unsecured Priority Claims," with a claim of $15,000. *Id.* Debtor's Amended Chapter 13 Plan [Doc. No. 19] (the "Plan") provides for Movant to receive payment of $15,000 over a period of 36 months as a priority tax claimant. The hearing on the confirmation of Debtor's Plan is scheduled for August 25, 2011.

On February 21, 2011, three days after Debtor filed her bankruptcy petition, the Movant's "Notice of Foreclosure of Equity of Redemption" (the "Barment Notice") was served by tacking a copy on the front door of the Property. Hr'g Ex. 1. Pursuant to O.C.G.A. §§ 48–4–45[2] and –46,[3] the

1. On July 25, 2011, subsequent to the filing of the Motion, Household Realty Corporation filed a proof of claim, Claim No. 7–1, in the amount of $75,217.58 secured by a lien on the Property.

2. Section 48–4–45 of the O.C.G.A., entitled "Notice of foreclosure of right to redeem; time; persons entitled to notice," provides as follows:

(a) After 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure, as provided for in this article:

(1) To be served upon all of the following persons who reside in the county in which the property is located:

(A) The defendant in the execution under or by virtue of which the sale was held;

(B) The occupant, if any, of the property; and

(C) All persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the property;

(2) To be sent by registered or certified mail or statutory overnight delivery to each of the persons specified in subparagraphs (A), (B), and (C) of paragraph (1) of this subsection who resides outside the county in which the property is located, if the address of that person is reasonably ascertainable; and

(3) To be published, if that tax sale occurs on or after July 1, 1989, in the newspaper in which the sheriff's advertisements for the county are published in each county in which that property is located, which publication shall occur once a week for four consecutive weeks in the six-month period immediately prior to the week of the redemption deadline date specified in the notice.

(b) Nothing contained in this Code section shall be construed to require that any notice be sent to or served upon any person whose right, title, interest in, or lien upon the property does not appear of record in the county in which the land is located.

(c) The heirs of any deceased owner of any land entitled to notice pursuant to this Code section shall be served by the sheriff or notified as provided in this article.

3. Section 48–4–46 of the O.C.G.A., entitled "Form of notice of foreclosure of right to redeem; service; time; return and record; waiver," provides as follows:

(a) The notice provided for in Code Section 48–4–45 shall be written or printed, or written in part and printed in part, and shall be in substantially the following form:

Take notice that:

The right to redeem the following described property, to wit:

will expire and be forever foreclosed and barred on and after the day of ____, ____.

The tax deed to which this notice relates is dated the ____ day of ____, ____, and is recorded in the office of the Clerk of the Superior Court of County, Georgia, in Deed Book ____ at page ____.

The property may be redeemed at any time before the ____ day of ____, ____, by payment of the redemption price as fixed and provided by law to the undersigned at the following address: ____.

Please be governed accordingly.

(b) The purchaser at the tax sale or his heirs, successors, or assigns, as the case may be, shall make out an original notice in substantially the form prescribed in subsection (a) of this Code section and one copy of the notice for each person to be served with the notice. The purchaser shall deliver the notice and the copies together with a list of the persons to be served to the sheriff of the county in which

Barment Notice indicated that the right to redeem the Property will be forever barred unless the redemption price was paid on or before April 2, 2011.

Movant filed the Motion on March 22, 2011 in which Movant alleges that, *inter alia*, the Movant is the owner of the Property rather than merely being the holder of a secured or priority claim, that the price to redeem the Property at the time of the filing of the Motion was approximately $13,200, that the Debtor's only interest in the Property is her equity of redemption and that the automatic stay should be terminated to permit Movant to protect its interest in the Property as the owner by permitting it to foreclose the equity of redemption as set forth in the Barment Notice pursuant to the Barment Statutes.

## CONCLUSIONS OF LAW

A. The Parties' Respective Interests in the Property

 Pursuant to 11 U.S.C. § 541(a), upon the filing of a voluntary petition by a debtor, an estate is created which is comprised of "all legal or equitable interests of the debtor in property" at that time. State law controls whether or to what extent a debtor has a legal or equitable interest in property at the commencement of a bankruptcy case. *See Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

 The Barment Statutes are the applicable Georgia law to determine the Debtor's interest in the Property. The Barment Statutes provide that when real property is sold for the collection of delinquent taxes, any person having any right, title or interest in or lien upon the property has a right to redeem the property by paying the redemption price up until the holder of the tax deed forecloses on that right. *See* O.C.G.A. § 48–4–48.[4] The

the land is located not less than 45 days before the date set in each notice for the expiration of the right to redeem. Within 15 days after delivery to him, the sheriff shall serve a copy of the notice personally or by deputy upon each of the persons included on the list furnished him who reside in the county. The sheriff shall make an entry of the service on the original copy of the notice. Leaving a copy of the notice at the residence of any person required to be served with the notice shall be a sufficient service of the notice.

(c) If the sheriff personally or by deputy makes an entry that he is unable for any reason to effect service upon any person required to be served, the person who requested that the service be made shall forthwith cause a copy of the notice to be published once a week for two consecutive weeks in the newspaper in which the sheriff's advertisements for the county are published, unless that notice is being published as provided in paragraph (3) of subsection (a) of Code Section 48–4–45. Either publication shall operate as and for all purposes shall be treated as service upon all persons as to whom the sheriff has made an entry that he has been unable to effect service.

(d) Each original notice together with the entry of the sheriff on the notice shall be returned to the person by whom the service was requested upon the payment of the sheriff's costs as provided by law. Any original notice together with the entries on the notice may be filed and recorded on the deed records in the office of the clerk of the superior court of the county in which the land is located.

(e) Service of notices as provided in this Code section may be waived in writing by any person required or entitled to be served with the notice.

4. Section 48–4–48 of the O.C.G.A., entitled "Ripening of tax deed title by prescription," provides as follows:

(a) A title under a tax deed properly executed at a valid and legal sale prior to July 1, 1989, shall ripen by prescription after a period of seven years from the date of execution of that deed.

(b) A title under a tax deed executed on or after July 1, 1989, but before July 1, 1996, shall ripen by prescription after a period of four years from the execution of that deed. A title under a tax deed properly executed on or after July 1, 1996, at a valid and legal sale shall ripen by prescription after a period of

holder of a tax deed cannot commence the foreclosure process set forth in O.C.G.A. §§ 48–4–45 and –46 until after the passing of 12 months time from the date of the tax sale. Pursuant to the Barment Statutes, if the redemption price is not timely paid, any person who could redeem the property is forever barred from doing so and fee simple title to the property is vested in the holder of the tax deed upon the earlier of either: (a) the completion of the foreclosure process under O.C.G.A. §§ 48–4–45 and –46[5] or (b) the passage of four years from the recordation of the tax deed if the holder of the tax deed does not commence and complete the foreclosure process under O.C.G.A. §§ 48–4–45 and –46 within said four-year period. *See* O.C.G.A. §§ 48–4–40 to –48. Accordingly, until such time as the right to redeem is terminated pursuant to the Barment Statutes, the tax deed vests the purchaser with an inchoate or defeasible interest in the property, subject to the right of redemption, but it does not vest the purchaser with the immediate and exclusive right to possession. *Nat'l Tax Funding, L.P. v. Harpagon Co., LLC.*, 277 Ga. 41, 43, 586 S.E.2d 235, 238 (2003); *BX Corp. v. Hickory Hill 1185, LLC.*, 285 Ga. 5, 7, 673 S.E.2d 205, 207 (2009). After the expiration of the redemption period set forth in the Barment Statutes, the purchaser holds indefeasible fee simple title to the property and the exclusive right to possession. *Nat'l Tax Funding*, 277 Ga. at 43, 586 S.E.2d at 238; *BX Corp.*, 285 Ga. at 7, 673 S.E.2d at 207.

■ If a debtor files for bankruptcy protection while he or she still has a right to redeem the property, then that right to redeem becomes property of the debtor's estate. *See Commercial Fed. Mortg. Corp. v. Smith,* 85 F.3d 1555, 1558 (11th Cir.1996). Here, the Debtor was the record owner of the Property when it was purchased by the Movant at the Sale on February 2, 2010. After the Sale, the Movant held the defeasible fee interest in the Property subject to the right to redeem the Property. Because the Movant had not foreclosed on the right to redeem the Property when the Debtor's bankruptcy petition was filed on February 18, 2011, the Debtor's right to redeem the Property became property of the Debtor's estate.

## B. Application of the Automatic Stay

■ Because the Barment Notice was served after the commencement of the instant case, the service of the Barment Notice is void pursuant to 11 U.S.C. § 362(a). *See Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). Because O.C.G.A. § 48–4–45

---

four years from the recordation of that deed in the land records in the county in which said land is located.

(c) A tax deed which has ripened by prescription pursuant to any provision of this Code section shall convey, when the defendant in fi. fa. is not laboring under any legal disability, a fee simple title to the property described in that deed, and that title shall vest absolutely in the grantee in the deed or in the grantee's heirs or assigns. In the event the defendant in fi. fa. is laboring under any legal disability, the prescriptive term specified in this Code section shall begin from the time the disabilities are removed or abated.

(d) Notice of foreclosure of the right to redeem property sold at a tax sale shall not be required to have been provided in order for the title to such property to have ripened under subsection (a) or (b) of this Code section.

5. After the expiration of 12 months from the date of the tax sale, the purchaser can issue a notice of foreclosure of the equity of redemption pursuant to O.C.G.A. §§ 48–4–45 and –46. Section 48–4–45 of the O.C.G.A. requires the Sheriff to serve this notice within 15 days of its receipt and that this notice must provide a deadline of no less than 45 days from its issuance within which the redemption price must be paid, effectively providing interested parties with at least 30 days to pay the redemption price before being forever barred.

requires that the Sheriff serve the Barment Notice within 15 days of its receipt by the Sheriff and the Barment Notice must provide a deadline of no less than 45 days from its issuance within which the redemption price can be paid, a new Barment Notice would have to be issued and served to recommence the foreclosure process under O.C.G.A. § 48–4–45 in the event the automatic stay of § 362 is lifted. In the alternative, notwithstanding the stay of § 362(a), Movant could obtain indefeasible fee simple title by operation of law pursuant to O.C.G.A. § 48–4–48 on the fourth anniversary of the recordation of its tax deed, that being April 8, 2014, if the redemption price is not paid in the interim.[6] Consequently, the Court must consider whether to grant Movant relief from the automatic stay to recommence the barment proceedings under O.C.G.A. §§ 48–4–45 and –46.

Pursuant to § 362(d), relief from the automatic stay may be granted (1) for cause, including the lack of adequate protection of an interest in property of such party in interest or (2)(A) if the debtor does not have any equity in the property and (B) such property is not necessary to an effective reorganization. Because the Property is the Debtor's residence and there is no evidence yet that Debtor cannot confirm a Chapter 13 plan, the Property, and the equity of redemption with respect thereto, is necessary to an effective reorganization, so the Movant cannot prevail at this time under § 362(d)(2). Because Debtor has valued ·the Property at $55,000, which value has not been contested, and Movant's interest in the Property, based on the allegation in the Motion, can be satisfied at this time for approximately $13,200, plus accruing interest, the Court finds that Movant is ade-

**6.** Section 362(c)(1) specifies that the stay operates continuously, subject to some exceptions, "until such property is no longer property of the estate." In addition, § 108(b) states:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, ... fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

The automatic stay of 11 U.S.C. § 362 operates to protect debtors and the estate from certain affirmative actions of creditors, but this protection does not include the running of state statutory time limitations in connection with the redemption of property. *In re Canney*, 284 F.3d 362, 372 (2d Cir.2002); *Johnson v. First Nat'l Bank of Montevideo, Minn.*, 719 F.2d 270, 276–77 (8th Cir.1983); *see In re Connors*, 497 F.3d 314, 321–23 (3d Cir.2007). Section 108(b) governs the time period in which a debtor retains the right to redeem, not § 362. *Connors*, 497 F.3d at 321; *Canney*, 284 F.3d at 371–72; *Johnson* 719 F.2d at 275–78; *In re Hand*, 52 B.R. 65, 66 (Bankr.M.D.Fla.1985). Upon the filing of the petition, § 108(b) gives a debtor the longer of either the prescribed statutory time period or 60 days after filing to take the necessary action to redeem a property. *Connors*, 497 F.3d at 321; *Canney*, 284 F.3d at 372–73; *Johnson* 719 F.2d at 277–78; *Hand*, 52 B.R. at 66. If a debtor fails to redeem the property within the applicable time period provided by § 108(b), then he or she loses the right to redeem the property. *In re Milne*, 185 B.R. 277, 280 (Bankr.N.D.Ill.1995).

Here, the Movant purchased the Property at the Sale on February 2, 2010 and recorded the Deed on April 8, 2010. Thus, the four-year state statutory time limit to redeem the Property if Movant took no further action cannot extend beyond April 8, 2014 pursuant to O.C.G.A. § 48–4–48. Because that day is beyond the 60 days provided for in § 108(b)(2), that is the outside date by which the Property must be redeemed unless the Court were to grant relief from the automatic stay in the future to proceed with barment proceedings under O.C.G.A. § 48–4–45 and –46.

quately protected, so cause does not exist at this time for relief from the automatic stay to be granted under § 362(d)(1). Based on the forgoing, it is hereby

ORDERED that the Movant's Motion is DENIED, without prejudice to its rights to seek similar or other relief in the future, including, but not limited to, renewing the Motion, objecting to confirmation of the Plan and moving to dismiss the case.

**IT IS ORDERED.**