S99A0543. MACHEN et al. v. WOLANDE MANAGEMENT GROUP, INC. et al.

(517 SE2d 58)

CARLEY, Justice.

At issue in this case is title to certain property located on Church Street in Decatur. Southeastern Mortgage and Investment Company, Inc. (SMI), originally had record title, but the property was sold in July of 1994 for non-payment of taxes. At that time, the First Federal Savings and Loan Association of Americus (S&L) was the owner of the first security deed on the property, and John W. Henderson, Sr.

held a second deed to secure debt. In July of 1995, the purchaser at the tax sale began the process of foreclosing the right of redemption. In that same month, however, Mr. Henderson, Sr. died, and Appellants, in their capacity as his heirs, succeeded to his interest in the property. In January of 1996, the grantee of the tax deed again attempted to foreclose the right of redemption, but, shortly thereafter, he conveyed his interest to Wolande Management Group, Inc. (Wolande). In June of 1996, Wolande filed suit to quiet title, alleging foreclosure of the right of redemption and, in December of 1997, the S&L's successor in interest executed and delivered a quitclaim deed to Wolande. Thereafter, Wolande voluntarily dismissed its quiet title action. In April of 1998, Appellants instituted this litigation, seeking a declaration that they were now the holders of the first security deed and that they had the right to redeem the property. Wolande filed a counterclaim alleging that Appellants' right of redemption was barred. After a bench trial in August of 1998, the trial court held that OCGA § 48-4-48 was applicable and that, as a four-year statute of repose, it barred Appellants' exercise of any right of redemption. Accordingly, the trial court entered judgment in favor of Wolande on both the main claim and the counterclaim. Appellants appeal from that order.

1. OCGA § 48-4-48 (b) provides, in relevant part, that title under the 1994 tax deed "shall ripen by prescription after a period of four years from the execution of that deed." Under this statute, the purchaser at the tax sale can acquire prescriptive title unless those who claim a right of redemption redeem the property before the expiration of the four-year period. See *Blizzard v. Moniz*, 271 Ga. 50 (518 SE2d 407) (1999). Compare *Moultrie v. Wright*, 266 Ga. 30, 31 (1) (464 SE2d 194) (1995) (decided under prior law). Appellants do not contend that Wolande and its predecessor were not in possession of the property for the requisite period of time. Compare *Blizzard v. Moniz*, supra. Thus, OCGA § 48-4-48 (b) precludes Appellants from exercising their alleged right of redemption more than four years after the date of the tax deed to the property. Appellants did file this declaratory judgment action within the four-year period. However, filing suit is not alone sufficient to toll the applicability of OCGA § 48-4-48 (b). Redemption is a self-help remedy, whereby timely payment or tender of the amount required by law reinvests legal title in the owner. *Durham v. Crawford*, 196 Ga. 381, 385 (3) (26 SE2d 778) (1943). Thus, one who claims the right to redeem property may compel a recalcitrant purchaser at the tax sale "to do that which he is required to do under the law . . . ." *Forrester v. Lowe*, 192 Ga. 469, 475 (2) (15 SE2d 719) (1941). Therefore, it was incumbent upon Appellants actually to exercise their right of redemption during the four-year period. The filing of a civil action alleging the existence of

that unexercised right was not sufficient. " 'After the time fixed by the statute for redemption has expired, the right to redeem is gone, and there is no power even in a court of equity to authorize a redemption of the property in such cases.' " *Boroughs v. Lance*, 213 Ga. 143, 144 (1) (97 SE2d 357) (1957). If the owner or his successors did not redeem the property during the four-year period, Wolande, as the successor to the tax sale purchaser, acquired absolute and unconditional title to the land, in which case Appellants lost their redemption rights and ceased to have any interest in the property. *Forrester v. Lowe*, supra at 476 (2). Thus, OCGA § 48-4-48 (b) bars Appellants' claim, unless they showed a valid timely exercise of their right of redemption.

As previously noted, the right to redeem property sold under a tax execution is conditioned upon "the payment of the redemption price or the amount required for redemption . . . ." OCGA § 48-4-40.

> [T]ender of the amount due . . . is a prerequisite to the filing and prosecution of [Appellants'] suit. [Cits.] . . . [Wolande] is entitled to have an opportunity to accept the money and convey the property voluntarily, before processes of the courts are invoked to compel [it] to do that which [it] is required to do under the law, and perhaps would do if afforded an opportunity.

*Forrester v. Lowe*, supra at 475 (2). Therefore, in order for Appellants to have a viable redemption claim, it was incumbent upon them either to pay or to tender the necessary sums, unless payment or tender was waived by Wolande. *Durham v. Crawford*, supra at 389 (5). Moreover, a tender must be continuous, and if Appellants could not show the continuity of a pre-litigation tender, they were required to pay the sum into the registry of court when they filed this suit. *Durham v. Crawford*, supra at 389 (5) (a). It is undisputed that Appellants did not pay or tender the necessary sums to Wolande before filing suit, and that they did not pay those sums into the registry of court when they filed their complaint. Indeed, it is undisputed that Appellants did not even offer to pay or to tender the money to Wolande.

Appellants urge that Wolande waived the requirement that they make a tender. An actual tender can indeed be waived. *Durham v. Crawford*, supra at 389 (5). "[T]ender of an amount due is waived when the party entitled to payment, by declaration or by conduct, proclaims that, if tender of the amount due is made, an acceptance of it will be refused. [Cits.]" *The B-X Corp. v. Jeter*, 210 Ga. 250, 255 (2) (78 SE2d 790) (1953). However, in order for an actual tender to be waived by Wolande's statement or conduct, it would first be neces-

sary for Appellants to make "an actual, present bona fide offer to pay that which is due . . . . [Cits.]" *The B-X Corp. v. Jeter*, supra at 255 (2). Thus, Appellants cannot contend that Wolande waived an actual tender of payment, unless they at least communicated their offer to pay the required sums. "It is unnecessary to make a tender, to prove that a tender legal in every particular has been made, where the person to whom it is *offered* will not accept it even though it were a perfect tender. [Cits.]" (Emphasis supplied.) *Reese v. Ideal Realty Co.*, 131 Ga. App. 149, 150-151 (2) (205 SE2d 432) (1974). Although Wolande's statements and conduct *after* receiving a bona fide offer of a tender could excuse Appellants' subsequent failure to make an *actual* tender, none of Wolande's statements or conduct can justify Appellants' failure even to make Wolande an initial *offer* of a tender.

Under the undisputed evidence, Appellants failed to exercise their right of redemption in a timely manner. Any tender after the time allowed by law for redemption under a tax sale is without effect. *Allen v. Gates*, 145 Ga. 652, 653 (8) (89 SE 821) (1916). Wolande's failure to foreclose the right of redemption during the four-year period does not affect the prescriptive title which ripened upon Appellants' failure to redeem the property during that period. Compare *Blizzard v. Moniz*, supra. The trial court correctly held that OCGA § 48-4-48 (b) barred Appellants' exercise of their right of redemption and properly decreed that prescriptive title to the property was vested in Wolande.

2. Appellants' remaining enumerations of error, including the assertion that they are now the holders of the first security deed, are moot. Regardless of whether Appellants hold the first or second security deed, OCGA § 48-4-48 (b) divested them of their interest in the property under that conveyance.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Schreeder, Wheeler & Flint, David H. Flint, Kevin T. Caiaccio, Grizzard, Simons & Martin, Steven J. Martin,* for appellants.
*C. Terry Blanton,* for appellees.