S01A1051. MARK TURNER PROPERTIES, INC. v. EVANS.
(554 SE2d 492)

CARLEY, Justice.

Diana Smith Evans was the successful bidder at a tax sale on January 3, 1995 and was the grantee in a recorded tax deed. She attempted to foreclose the right of redemption in 1996. In that same year, the record title holders executed quitclaim deeds in favor of Mark Turner Properties, Inc. (Appellant). Appellant attempted to redeem the property and, also in 1996, brought an action to cancel the tax deed, to enjoin Ms. Evans from preventing the redemption, and to award damages for her interference with its property rights. The trial court found that the quitclaim deeds did not convey to Appellant the right to redeem and that Appellant failed to make a proper tender. However, the court also held that the right to redeem had not been foreclosed. Appellant again brought suit on January 4, 1999, seeking remedies identical to those sought in its 1996 complaint, and paid into the registry of the court a sum which it contended was the amount payable for redemption.

On cross-motions for summary judgment, the undisputed evi-

dence showed that Ms. Evans paid the taxes on the property for the years 1994-1996 and 1998, and Appellant paid for the year 1997. In January 1998, Appellant obtained a new quitclaim deed which specifically conveyed the right to redeem the property. In September, Ms. Evans received a certified letter from Appellant asserting its desire to redeem the property for the amount required by law and asking her to provide the dollar amount necessary to redeem the property, but she did not respond. Appellant's president left several telephone messages for Ms. Evans regarding redemption and attempted to redeem the property in person at her residence. Ms. Evans would not personally speak with him or respond in any way.

The trial court found that the judgment in the 1996 action does not bar Appellant from maintaining the current proceeding and that Ms. Evans waived the requirements of tender by failing to respond to the September 1998 letter. However, the trial court also held that the amount tendered by Appellant into the court's registry was insufficient as a matter of law, that the title conveyed by the tax deed ripened by prescription on January 3, 1999 and that Appellant's right of redemption expired on that same date. Appellant appeals from this order.

1. The title acquired by a purchaser of a tax deed " 'is not a perfect fee-simple title, but an inchoate or defeasible title, subject to the right of the owner to redeem within the time prescribed by the statute.' [Cit.]" *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 240 (2) (316 SE2d 537) (1984). Appellant's predecessors had an absolute right to redeem the property "[a]t any time within 12 months from the date of the sale," OCGA § 48-4-40 (1), but it is uncontroverted that they failed to exercise that right. *Blizzard v. Moniz*, 271 Ga. 50, 53 (518 SE2d 407) (1999); *Moultrie v. Wright*, 266 Ga. 30, 32 (1) (464 SE2d 194) (1995). After the expiration of 12 months, the right to redeem may, under current law, be "barred by either the giving of notice under OCGA § 48-4-45 or the ripening of title by prescription under OCGA § 48-4-48 (1989)." *Blizzard v. Moniz*, supra at 53. However, it is undisputed that, since the prior judgment, Ms. Evans has not given the statutorily required notice of foreclosure or otherwise communicated with Appellant. See *Moultrie v. Wright*, supra at 32 (1). Thus, the only remaining method by which the right to redeem could have been barred is the ripening of prescriptive title.

2. The trial court correctly stated that Ms. Evans "did not erect any structure on the property, visibly evidencing possession of the property, but she did pay the taxes on the property from 1994 through 1998, with the exception of 1997, when [Appellant] voluntarily paid the taxes." However, the trial court did not rely on any other conduct by or on behalf of Ms. Evans.

As stated in OCGA § 44-5-160, title acquired by prescription requires continuance of *possession* for a period of time fixed by law. . . . [T]he plain language of OCGA § 48-4-48 (1989) requires such adverse possession by the tax deed grantee in order for title to ripen under the statute.

(Emphasis in original.) *Blizzard v. Moniz*, supra at 54. Thus, contrary to Ms. Evans' assertion and the trial court's order, OCGA § 48-4-48 is not a statute of repose which operates to foreclose the right of redemption upon the mere passage of time. Compare *Moultrie v. Wright*, supra at 31 (1) (involving a predecessor statute).

Like the tax deed holder in *Blizzard*, Ms. Evans "never occupied any part of the property or ever engaged in any act evidencing possession or claim of ownership except for the payment of a portion of the imposed taxes. . . ." *Blizzard v. Moniz*, supra at 53. Thus, as in *Blizzard*, "[i]t is uncontroverted that [the tax deed grantee] never occupied the property, nor committed any acts or exhibited any conduct which would amount to adverse possession of the property for the requisite period. See OCGA § 44-5-161." *Blizzard v. Moniz*, supra at 54. Compare *Machen v. Wolande Mgmt. Group*, 271 Ga. 163, 164 (1) (517 SE2d 58) (1999). Payments of taxes "are insufficient to establish prescriptive title, however long continued, even though accompanied by constant assertions of title." 1 Hinkel, Pindar's Ga. Real Estate Law § 12-36, p. 612 (5th ed. 1998). See also *Talmadge v. Adams*, 240 Ga. 193, 195-196 (1) (240 SE2d 9) (1977); *Scott v. Cain*, 90 Ga. 34 (1) (15 SE 816) (1892) (payment of taxes not sufficient evidence of adverse possession even when claimant visits property and warns off intruders). Moreover, the purchaser at a tax sale does not have constructive possession of the premises. *Whitaker Acres v. Schrenk*, supra at 240 (2). Therefore, the trial court erred in granting summary judgment in favor of Ms. Evans on the issue of prescriptive title and in denying Appellant's cross-motion for partial summary judgment on the same issue.

3. Although neither ripening of title by prescription nor foreclosure of the equity of redemption has barred Appellant's right to redeem the property, it still was required to fulfil the requirements of tender before filing this redemption action.

"(T)ender of the amount due . . . is a prerequisite to the filing and prosecution of [Appellant's] suit. (Cits.) . . . [Ms. Evans] is entitled to have an opportunity to accept the money and convey the property voluntarily, before processes of the courts are invoked to compel [her] to do that which [she] is required to do under the law, and perhaps would do if afforded an opportunity." [Cit.] Therefore, in order for

[Appellant] to have a viable redemption claim, it was incumbent upon [it] either to pay or to tender the necessary sums, unless payment or tender was waived by [Ms. Evans].

*Machen v. Wolande Mgmt. Group*, supra at 165. Although the trial court ultimately granted summary judgment on the erroneous basis that prescriptive title had ripened, it preliminarily found that Ms. Evans waived the requirement of tender. " '(T)ender of an amount due is waived when the party entitled to payment, by declaration *or by conduct*, proclaims that, if tender of the amount due is made, an acceptance of it will be refused. (Cits.)' [Cit.]" (Emphasis supplied.) *Machen v. Wolande Mgmt. Group*, supra at 165 (1). Ms. Evans refused, in response to the September 1998 letter, to name the amount she claimed to be due her, and she thereafter failed to respond in any way to repeated contacts by Appellant's president. *Crawley v. Selby*, 208 Ga. 530, 537 (3) (67 SE2d 775) (1951). See also *Coffey Enterprises Realty & Development Co. v. Holmes*, 233 Ga. 937, 940 (3) (213 SE2d 882) (1975). " 'It is unnecessary to make a tender, to prove that a tender legal in every particular has been made, where the person to whom it is *offered* will not accept it even though it were a perfect tender. (Cits.)' [Cit.]" (Emphasis in original.) *Machen v. Wolande Mgmt. Group*, supra at 166 (1). Where, as here, an offer is made to pay whatever amount is due, and the person to whom tender is due refuses by her conduct to accept any amount, the refusal dispenses with the formality of making a legal tender. *Crawley v. Selby*, supra at 537 (3).

4. However, Appellant is still obligated to pay the correct redemption price in order to succeed in this redemption action. OCGA § 48-4-40 (2).

> The amount required to be paid for redemption of property from any sale for taxes as provided in [OCGA § 48-4-1 et seq.], or the redemption price, shall be the amount paid for the property at the tax sale. . . , plus any taxes paid on the property by the purchaser after the sale for taxes, plus any special assessments on the property, plus a premium of 20 percent of the amount for each year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made.

OCGA § 48-4-42. Upon filing suit, Appellant paid $3,616.92 into the registry of the trial court. It contends that this amount is more than sufficient for redemption and that the trial court erred in calculating the redemption price as $4,674.12. It is undisputed that, under the statute, the amount payable for redemption includes the $2,200 Ms.

Evans paid at the tax sale and $714 in taxes subsequently paid by her. With respect to the premium, Appellant relies on a previous version of OCGA § 48-4-42 which was in effect at the time of the tax sale and, as a result, contends that the premium payable on the $2,200 is only 10%. However, the trial court's application of the 1996 amendment to OCGA § 48-4-42, which increased the amount of the annual premium from 10% to 20%, Ga. L. 1996, p. 1022, is not unconstitutionally retroactive, because neither Ms. Evans' nor Appellant's rights to the property had fully vested prior to the effective date of that amendment. See *Stith v. Morris*, 241 Ga. 247, 248 (1) (244 SE2d 817) (1978). Compare *Moultrie v. Wright*, supra at 32 (1), fn. 3. Furthermore, although Appellant calculated the premium based upon an elapse of three years, it was also required to pay, under the plain language of OCGA § 48-4-42, a premium attributable to the fourth year after the sale, which commenced on January 3, 1998, even if only a fraction of that year is considered to have elapsed due to Ms. Evans' waiver of tender in September 1998. *Southerland v. Bradshaw*, 255 Ga. 455 (2) (339 SE2d 579) (1986); *The B-X Corp. v. Jeter*, 210 Ga. 250, 255 (2) (78 SE2d 790) (1953). Therefore, the trial court correctly included $1,760 in premiums in the redemption price, rather than the $660 urged by Appellant, by applying the 20% annual premium in the present statute, for each of four years, to the $2,200 paid at the tax sale. Accordingly, Appellant's payment into the registry of the court was less than the amount payable for redemption.

However, the inadequacy of Appellant's payment into the court registry does not prevent it from redeeming the property in this action. Since prescriptive title had not ripened at the time suit was filed, it also has not ripened during the pendency thereof. Even if the running of prescription has begun, it was suspended by the filing of this action. *Peyton v. Stephens*, 130 Ga. 338, 343 (2) (60 SE 563) (1908); 1 Hinkel, supra at § 12-62, p. 623. Because Ms. Evans waived tender prior to the ripening of prescriptive title, the allegation in Appellant's complaint that it stands ready, willing, and able to pay the redemption price was sufficient without payment into the trial court of the entire sum eventually fixed by the judgment. See *Ingram v. The Methodist Church Dist. Bd. of Missions & Church Extension*, 219 Ga. 100, 101 (1) (131 SE2d 848) (1963); *LaRoche v. Kinchlo*, 150 Ga. 296 (103 SE 713) (1920); OCGA § 9-11-67 (contemplating a party's deposit with the trial court of any part of a sum of money expected to be awarded as part of a judgment). Accordingly, we reverse the judgment in part and affirm in part, and remand the case to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 5, 2001 —
RECONSIDERATION DENIED DECEMBER 3, 2001.

*Cochran, Camp & Snipes, Scott A. Cochran*, for appellant.
*Cauthorn & Phillips, Thomas E. Cauthorn III, Melissa M. Nohr*,
for appellee.