S10A1727. COMMUNITY RENEWAL AND REDEMPTION
v. NIX et al.

(704 SE2d 759)

THOMPSON, Justice.

This is the second appearance of this case before this Court. See *Community Renewal and Redemption v. Nix*, 279 Ga. 840 (621 SE2d 722) (2005). In our prior opinion, we set forth the facts of this case as follows:

This appeal involves the exercise of the right of redemption of property sold at a tax sale. The property in question was sold by DeKalb County in December 1993 to satisfy a tax delinquency. There being no other purchaser, DeKalb County took the property under a tax deed, held it until February 1999, and then sold it to Nix. The defaulting taxpayer quitclaimed her interest in the property to Community Renewal and Redemption, LLC (CRR) in January 2003. In that same month, CRR sought to redeem title by tendering to Nix what it contended was the correct redemption price pursuant to OCGA § 48-4-42. When Nix refused

the tender, CRR filed suit seeking to force redemption of the property. On cross-motions for summary judgment, the trial court ruled that title had vested in DeKalb County prior to its sale of the property to Nix, foreclosing CRR's effort to redeem title, and that all other issues were moot.

Id. at 840.

On appeal, we reversed the grant of summary judgment to Nix because the trial court erred by holding that title vested in DeKalb County by virtue of the passage of time, thereby foreclosing CRR's effort to redeem title. Id. at 841 (1). After the case was returned to the trial court, the court granted Nix's motion to dismiss, holding that CRR's failure to tender the redemption price to Bank of America (BOA), which held a security deed on the property, precluded CRR from filing the action to redeem the property. CRR filed this appeal, and for the reasons that follow, we affirm.

1. Under OCGA § 48-4-40, the article of the Georgia Code governing redemption of property after a tax sale to satisfy unpaid taxes, a delinquent taxpayer has the right to redeem the property by paying the amount required for redemption at any time within 12 months of the sale and at any time after the sale until the right to redeem is foreclosed by the new owner pursuant to OCGA § 48-4-45 or by the ripening of the purchaser's title through prescription. OCGA § 48-4-48. The right to redeem property sold under a tax execution is conditioned upon the tender of the amount required for redemption, which must be made before the filing of the redemption action, must be continuous unless waived by declaration or conduct, and must be made to the party entitled to payment. *Mark Turner Properties v. Evans*, 274 Ga. 547 (3) (554 SE2d 492) (2001); *Machen v. Wolande Management Group*, 271 Ga. 163, 165 (517 SE2d 58) (1999); *Forrester v. Lowe*, 192 Ga. 469, 475-476 (15 SE2d 719) (1941) (tender insufficient where not made before action filed in court). See *Durham v. Crawford*, 196 Ga. 381 (26 SE2d 778) (1943) (tender ineffective when made during the pendency of the suit). This affords the new owner the "opportunity to accept the money and convey the property voluntarily, before processes of the courts are invoked to compel [it] to do that which [it] is required to do under the law, and perhaps would do if afforded an opportunity." *Forrester*, supra at 475.

2. CRR contends the trial court erred by dismissing its complaint to redeem the subject property based on its failure to tender to BOA. The record shows that CRR tendered a $16,000 cashier's check to Nix on January 29, 2003. After Nix disputed the tendered redemption price and failed to provide CRR with the amount she believed to

represent the correct redemption price, CRR filed an action for redemption and cancellation of the tax deed. CRR learned during Nix's October 2003 deposition that Nix had conveyed the property to BOA by deed to secure debt. BOA was added as a party to the complaint in early 2004, and more than three years later, in June 2007, CRR filed a motion of unconditional tender of redemption price in the trial court, purporting to completely and continuously tender to Nix and/or BOA.

(a) CRR argues the trial court erred in applying OCGA § 48-4-47 to bar its suit because tender of the redemption price is required only after notice to foreclose the right of redemption is provided.[1] It is undisputed that Nix has not given the statutorily required notice of foreclosure of the right to redemption at any time since her purchase of the property by tax deed. Thus, contrary to the conclusion of the trial court, OCGA § 48-4-47 is inapplicable to the instant case. That does not mean, however, that CRR was excused from the tender requirement. As discussed previously, in order for a plaintiff to have a viable redemption claim he must first pay or tender the redemption price. See OCGA § 48-4-40; *Mark Turner Properties*, supra, 274 Ga. 547 (3). CRR's argument that tender was not required in this case thus fails as a matter of law.

(b) CRR next contends the trial court erred by holding it was required to tender to BOA, not Nix, before filing suit. As the purchaser of the tax deed, Nix held a defeasible title, subject to redemption, which she was free to convey to another during the redemption period. *Durham v. Crawford*, supra, 196 Ga. at 386. The security deed in question was duly executed by Nix and properly recorded.[2] In a similar case in which tender was made to the tax sale purchasers and not the bank holding a deed to secure debt on the same property, we held:

> the amounts required for redemption must be paid to the purchaser, or his heirs, successors, or assigns in lawful money of the United States of America. The intent and purpose of this payment is to fully compensate the owner for what he paid plus penalty. This purpose is defeated if payment is made to just anyone in the chain, for the owner

---

[1] OCGA § 48-4-47 (a) provides, in pertinent part, that after notice to foreclose the right of redemption has been given, no action to invalidate the tax deed may be filed or maintained unless "the plaintiff in the action pays or legally tenders to the grantee in the deed or to his successors the full amount of the redemption price."

[2] It makes no difference that BOA's security deed was recorded three months before DeKalb County conveyed the property to Nix. Under the doctrine of after acquired title, BOA's title interest vested the instant Nix acquired title to the property. See *Dillard v. Brannan*, 217 Ga. 179 (2) (121 SE2d 768) (1961).

at the time is alone entitled thereto. In this case the grantees in the security deed are the last holders and would be deprived of their security if their grantor, and not they, received such payments. Accordingly, proper tender in this case would have been to the holders under the security deed, and failure to pay or tender to them the amount the law requires for redemption is a bar to the prosecution of this case. [Cit.]

*Herrington v. Old South Investment Co.*, 222 Ga. 428 (150 SE2d 623) (1966). Just as in *Herrington*, tender in this case should have been made to BOA, which had already been named as the grantee in a security deed by the purchaser of the tax deed before suit was filed.[3] Accordingly, we find that both CRR's pre-suit tender to Nix and subsequent tender to BOA long after adding BOA as a party to the redemption action fail to meet the legal requirement that tender to the proper party be made prior to the filing of suit. That BOA's interest in the property was cancelled in May 2009 when Nix's debt was paid in full does not alter the result inasmuch as CRR's failure to make a proper tender barred the instant action to redeem the property. It follows that the trial court correctly granted Nix's motion to dismiss. See *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007) (motion to dismiss properly granted if allegations disclose with certainty that plaintiff not entitled to relief under any state of provable facts).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Robinson & Blazer, John E. Robinson, Gregory H. Blazer*, for appellant.

*Pendergast & Jones, Howell A. Hall, Jerry D. McCumber, Gregory W. Sturgeon*, for appellee.

---

[3] Contrary to CRR's argument, OCGA § 48-4-77 (1) (A)'s definition of an "interested party" for purposes of a tax foreclosure has no application to an action to redeem property after a tax sale. Even if it was applicable, however, we find it likely that BOA would constitute an interested party as one "having an interest in the property whose identity and address are reasonably ascertainable from the . . . records maintained in the county courthouse or by the clerk of the court." OCGA § 48-4-77 (1) (C).