**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 28, 2017**

# In the Court of Appeals of Georgia

A17A0544. STRONG et al. v. JWM HOLDINGS, LLC

A17A0545. JWM HOLDINGS, LLC v. STRONG et al.

BARNES, Presiding Judge.

These companion appeals arise out of a dispute over the right to redeem certain real property sold at a tax sale. In Case No. A17A0544, Annette Lowe Strong, as administrator of two estates, and Douglas Slappey, a potential heir of one of the estates, appeal the trial court's grant of summary judgment to JWM Holdings, LLC ("JWM") on the estates' claims relating to the redemption of the property.[1] In Case No. A17A0545, JWM appeals the trial court's final order and judgment denying its counterclaim for declaratory relief. For the reasons discussed below, in Case No. A17A0544, we affirm the trial court's order granting summary judgment to JWM on the estates' claims pertaining to the redemption of the property. In Case No.

---

[1] The appellants appealed directly to the Supreme Court of Georgia, which subsequently transferred the appeal and cross-appeal to this Court.

A17A0545, we vacate the trial court's final order and judgment denying JWM's counterclaim for declaratory relief, and we remand with the instruction that the counterclaim be dismissed without prejudice for lack of subject matter jurisdiction.

The record reflects that certain real property located in Fulton County (the "Property") was deeded to Charlene West in 1958. Charlene later married Oscar Frazier and changed her last name to Frazier, and the couple lived together in the Property throughout their marriage.[2] Charlene died in 1974. No will was probated in common or solemn form following her death, and there was no record of the Property being deeded to anyone from Charlene's estate.

After Charlene died, Oscar continued to reside in the Property and to pay all of the property taxes until his death in 1998. No will was probated for Oscar's estate following his death.

After Oscar's death, the property taxes for the Property were not paid for several years. A tax sale of the Property was conducted in 2013, and the Property was sold to the highest bidder. The highest bidder conveyed the Property to JWM in March 2014.

---

[2]The Fraziers will be referred to by their first names for ease of reference.

Strong, who was Oscar's niece, was appointed to serve as administrator of Oscar's estate in March 2014 and as temporary administrator of Charlene's estate in May 2014. Strong thereafter filed suit on behalf of both estates against JWM, the Fulton County tax commissioner, and Slappey, who was one of Charlene's potential heirs. Strong sought to quiet title to the Property and to enjoin the defendants from preventing her from redeeming the Property on behalf of the estates.

JWM answered and asserted several counterclaims, including a counterclaim for declaratory relief that Strong was barred from ever redeeming the Property on behalf of the estates because Strong had failed to satisfy the requirement of tender of the redemption price before filing the present suit.[3] Slappey answered and filed a cross-claim against JWM seeking a declaration with regard to his and the estates' rights to redeem the Property.

JWM filed a motion for summary judgment on Strong's claims, Slappey's cross-claim, and several of its own counterclaims, including its counterclaim for declaratory relief. The trial court granted summary judgment to JWM on Strong's claims, concluding that the uncontroverted evidence showed that Strong had failed

---

[3] JWM also asserted a cross-claim against the Fulton County tax commissioner for reformation of the tax deed, but that claim is not at issue in these appeals.

to satisfy the requirements for tendering the redemption price to JWM before filing her lawsuit, which was fatal to her claims.[4] The trial court also ultimately granted summary judgment to JWM on Slappey's cross-claim on several grounds.[5]

In contrast, the trial court denied summary judgment to JWM on its counterclaim for declaratory relief, concluding that JWM's claim that Strong was barred from redeeming the Property on behalf of the estates in future litigation was premature and that her failure to make a proper tender in this case did not foreclose the possibility of later redemption of the Property by Strong. Subsequently, after a bench trial, the trial court entered a final order and judgment denying JWM's counterclaim for declaratory relief on the same grounds. These companion appeals followed.

---

[4] JWM had previously filed a motion to dismiss Strong's complaint for failure to state a claim upon which relief could be granted on the ground that Strong had failed to tender the redemption price. The trial court denied the motion but granted a certificate of immediate review. JWM filed an application for interlocutory appeal in the Supreme Court of Georgia, which denied the application. The Supreme Court's denial of the application for interlocutory appeal does not preclude this Court from reviewing the subsequent final orders entered in this case. See *Citizens & Southern Nat. Bank v. Rayle*, 246 Ga. 727, 731 (4) (273 SE2d 139) (1980).

[5] The trial court initially held that JWM had abandoned its motion for summary judgment on Slappey's cross-claim, but the court later reconsidered the issue and granted summary judgment to JWM on the cross-claim.

1. Appellants Strong and Slappey argue that the trial court erred in finding that Strong had failed to make a proper tender of the redemption price on behalf of the estates to JWM before filing suit and in granting summary judgment to JWM on Strong's claims on that ground.[6] The appellants maintain that there was evidence that the requirement of actual tender of the redemption price was waived by JWM based on pre-suit communications in which JWM's counsel stated that JWM would reject any tender made by Strong in her personal or representative capacities.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). On appeal from the grant of summary judgment, we "conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party." *Bank of North Ga. v. Windermere Dev. Inc.*, 316 Ga. App. 33, 34 (728 SE2d 714) (2012).

---

[6] The appellants also argue that the trial court erred by not ruling on Slappey's cross-claim against JWM. However, as previously noted, the record reflects that the trial court did in fact rule on Slappey's cross-claim by granting summary judgment on that claim in favor of JWM.

5

Under OCGA § 48-4-40, the article of the Georgia Code governing redemption of property after a tax sale to satisfy unpaid taxes, a delinquent taxpayer has the right to redeem the property by paying the amount required for redemption at any time within 12 months of the sale and at any time after the sale until the right to redeem is foreclosed by the new owner pursuant to OCGA § 48-4-45 or by the ripening of the purchaser's title through prescription. OCGA § 48-4-48. The right to redeem property sold under a tax execution is conditioned upon the tender of the amount required for redemption, which must be made before the filing of the redemption action, must be continuous unless waived by declaration or conduct, and must be made to the party entitled to payment. *Mark Turner Properties v. Evans*, 274 Ga. 547 (3) (554 SE2d 492) (2001); *Machen v. Wolande Management Group*, 271 Ga. 163, 165 (517 SE2d 58) (1999); *Forrester v. Lowe*, 192 Ga. 469, 475-476 (15 SE2d 719) (1941) (tender insufficient where not made before action filed in court). See *Durham v. Crawford*, 196 Ga. 381 (26 SE2d 778) (1943) (tender ineffective when made during the pendency of the suit). This affords the new owner the "opportunity to accept the money and convey the property voluntarily, before processes of the courts are invoked to compel [it] to do that which [it] is required to do under the law, and perhaps would do if afforded an opportunity." *Forrester*, [192 Ga.] at 475.

6

*Community Renewal & Redemption v. Nix*, 288 Ga. 439, 440 (1) (704 SE2d 759) (2011). See OCGA § 48-4-40 (2015).[7]

Mindful of these principles, we turn to the record in the present case. The record reflects that on March 27, 2014, Strong was appointed as administrator of Oscar's estate, and she contacted an attorney and asked her to communicate with JWM about the estate redeeming the Property. In April 2014, the attorney contacted JWM's attorney by telephone and email, requesting the redemption price for the Property. JWM's attorney responded by email that no documentation had been provided that showed a right to redeem by Strong or any other person acting on behalf of Oscar's estate, but he nevertheless provided the redemption price as requested.

---

[7] OCGA § 48-4-40 (2015) provides:
Whenever any real property is sold under or by virtue of an execution issued for the collection of state, county, municipal, or school taxes or for special assessments, the defendant in fi. fa. or any person having any right, title, or interest in or lien upon such property may redeem the property from the sale by the payment of the redemption price or the amount required for redemption, as fixed and provided in Code Section 48-4-42:
(1) At any time within 12 months from the date of the sale; and
(2) At any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45.
Although not applicable here, OCGA § 48-4-40 was slightly revised, effective July 1, 2016, to delete the phrase "the redemption price or" from the introductory paragraph. See Ga. L. 2016, p. 758, § 1/SB 379; Ga. L. 2016, p. 793, § 1/HB 51.

JWM's attorney further stated that JWM would reject any tender of the redemption price by Strong "or any other person who does not have the legal right to redeem."

A series of emails followed in which the attorney advocating for the right of Oscar's estate to redeem the Property sent copies of various documents to JWM's attorney in an effort to convince him that the estate had a valid interest in the Property and thus was entitled to seek redemption. JWM's attorney remained unconvinced and reiterated that JWM would not agree to Strong or any other person acting on behalf of Oscar's estate redeeming the Property.

Subsequently, on May 20, 2014, Strong was appointed as temporary administrator of Charlene's estate. On May 22, 2014, Strong filed the present suit on behalf of Charlene's and Oscar's estates against JWM and the other defendants, seeking to quiet title to the Property and to enjoin JWM from barring Strong from redeeming the Property.

In light of this uncontroverted record, we conclude that Strong failed as a matter of law to satisfy the requirement of tender on behalf of either estate. It is true that tender of the amount required for redemption "is waived when the party entitled to payment, by declaration or by conduct, proclaims that, if tender of the amount due is made, an acceptance of it will be refused." *B-X Corp. v. Jeter*, 210 Ga. 250, 255 (2)

8

(78 SE2d 790) (1953). But for an actual tender to be waived by the word or conduct of the party entitled to payment, it is still necessary for the party seeking redemption "to make an actual, present bona fide offer to pay that which is due" before filing the redemption action. (Citation and punctuation omitted.) *Machen*, 271 Ga. at 166 (1). See *Nix*, 288 Ga. at 440 (1); *B-X Corp.*, 210 Ga. at 255 (2). Expressing a general willingness or desire to redeem the property is not sufficient; there must be an actual *offer* to pay the required redemption price. See *Machen*, 271 Ga. at 165 (1) (appellants could not demonstrate that appellee waived actual tender of payment "unless they at least communicated their offer to pay the required sums"); *Jolly v. Jones*, 201 Ga. 532, 532 (2) (40 SE2d 558) (1946) (discussing the concept of tender of money and noting that "there must be an actual, present bona fide *offer to pay*; and such requirement is not met by merely evidencing a willingness to pay") (emphasis in original).

Although JWM's attorney indicated that actual tender of the redemption price would be refused, there is no evidence of any pre-suit communications on behalf of either estate that included an actual, present bona fide offer to pay the redemption price that had been provided by JWM's attorney. Moreover, Strong's counsel conceded that Strong did not have the money to pay the redemption price and had not

9

obtained the probate court's approval to seek redemption of the Property on the estates' behalf. Strong likewise admitted in her deposition that the estates did not have the cash to pay the redemption price and that the money would have to be raised from other family members.

Under these circumstances, there is simply no evidence of record demonstrating an actual, present bona fide offer on behalf of the estates to pay the redemption price before suit was filed, and, therefore, the trial court committed no error in granting summary judgment to JWM on Strong's claims. Although the statements of JWM's attorney might have excused a subsequent failure by the estates to make an actual tender of the redemption price, "none of [the attorney's] statements or conduct can justify [Strong's] failure even to make [JWM's attorney] an initial *offer* of a tender" of that price. (Emphasis in original.) *Machen*, 271 Ga. at 166 (1).

*Case No. A17A0545*

2. Cross-Appellant JWM argues that the trial court erred in denying its counterclaim for a declaratory judgment. JWM contends that by failing to meet the tender requirements in the present suit, Strong is barred from asserting any right to redeem the Property in any future suit she might bring on behalf of the estates, and that it was entitled to declaratory relief to that effect.

10

"The Declaratory Judgment Act provides a means by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done." (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999). The purpose of the Act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and its provisions are "to be liberally construed and administered." OCGA § 9-4-1.

Nevertheless, "[i]t is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies, and the courts may not properly render advisory opinions." *Fulton County v. City of Atlanta*, 299 Ga. 676, 677 (791 SE2d 821) (2016). Declaratory relief therefore is inappropriate for controversies that are "merely hypothetical, abstract, academic, or moot," and a "[d]eclaratory judgment will not be rendered based on a possible or future contingency because such a ruling would be an erroneous advisory opinion." (Punctuation and footnotes omitted.) *Burton v. Composite State Bd. of Med. Examiners*, 245 Ga. App. 587, 588 (538 SE2d 501) (2000). See *Fulton County*, 299 Ga. at 677-678.

In its counterclaim for declaratory relief, JWM sought a ruling from the trial court regarding the viability of any future lawsuit brought by Strong on behalf of the

11

estates seeking redemption of the Property. But entry of a declaratory judgment that "rules in a party's favor as to future litigation over the subject matter" would constitute an "erroneous advisory opinion." *Baker*, 271 Ga. at 215 (1). See *Chambers of Ga. v. Dept. of Natural Resources*, 232 Ga. App. 632, 634 (502 SE2d 553) (1998) (declaratory judgment claim seeking a judicial ruling on issues anticipated to arise if new administrative application was filed was inappropriate because it sought only an "advisory opinion so as to test the strength of [the opposing party's] anticipated future defenses"). Accordingly, JWM's counterclaim for declaratory relief was premature and not ripe for adjudication.

While the trial court denied JWM's counterclaim for declaratory relief on the ground that it was premature, the court also denied the counterclaim on the alternative substantive ground that Strong's failure to make a proper tender in this case did not foreclose the possibility of later redemption of the Property. However, because JWM's counterclaim for declaratory was premature and sought an opinion that was advisory in nature, the trial court lacked subject matter jurisdiction over the counterclaim. *Fulton County*, 299 Ga. at 676, n. 2. When a trial court is without jurisdiction over a declaratory judgment claim because of a lack of justiciability, the proper disposition is for the trial court to dismiss the claim without prejudice.

12

*Pinnacle Benning LLC v. Clark Realty Capital, LLC*, 314 Ga. App. 609, 614 (1) (724 SE2d 894) (2012). We therefore must vacate the trial court's final order and judgment denying JWM's counterclaim for a declaratory judgment and remand for the trial court to dismiss the counterclaim without prejudice. Id.

*Judgment affirmed in Case No. A17A0544. Judgment vacated and case remanded with direction in Case No. A17A0545. McMillian and Mercier, JJ., concur.*