**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 10, 2025**

# In the Court of Appeals of Georgia

A24A1391. PUBLIX SUPER MARKET, INC. v. ROCKDALE COUNTY.

MARKLE, Judge.

Following its dismissal from a federal action regarding opioid prescriptions, Publix filed a declaratory action against Rockdale County, seeking a determination that the County's practice of hiring a private law firm on a contingency fee basis in the opioid litigation is improper, and that Publix's operations in Rockdale County do not constitute a public nuisance. The County filed a motion to both strike the complaint under Georgia's statute prohibiting strategic lawsuits against public participation ("SLAPP"), OCGA § 9-11-11.1,[1] and to dismiss for failure to state a claim, pursuant

---

[1] A "SLAPP," or "Strategic Lawsuit Against Public Participation," is a meritless lawsuit brought not to

to OCGA § 9-11-12 (b) (6). Publix now appeals from the trial court's grant of the motion on both grounds, contending that the trial court erred because the County lacked standing to bring an anti-SLAPP motion as it has no constitutional right to free speech and to petition, and is not an entity entitled to invoke anti-SLAPP protection; if the County does have such rights, Publix had shown it had a probability of prevailing on its claims; and by dismissing its claims for failure to state a claim. Because we conclude the trial court correctly granted the County's motion to dismiss Publix's claims for declaratory judgment because they were nonjusticiable, we affirm the trial court's ruling in part. However, because the trial court's dismissal was with prejudice, we vacate that portion of the trial court's judgment, and remand the case with

vindicate legally cognizable rights, but instead to deter or punish the exercise of constitutional rights of petition and free speech by tying up its target's resources and driving up the costs of litigation. The anti-SLAPP statute allows a defendant to make a motion to strike such a frivolous action as an avenue for ending the suit quickly, summarily, and at minimal expense.

(Citation and punctuation omitted.) *Lambert v. DMRT*, 370 Ga. App. 103, 106 (1) (894 SE2d 456) (2023).

direction to clarify that the dismissal was for lack of subject matter jurisdiction, and is thus without prejudice. Furthermore, because we conclude the trial court should not have reached the merits of the anti-SLAPP motion, we also vacate that portion of its order.

> At the outset, we note that we review de novo a trial court's ruling on a motion to dismiss. And we recognize that in the case sub judice, [the County's] motion to dismiss, the trial court's order granting same, and the parties' arguments on appeal all frame the issues in the context of a failure to state a claim upon which relief can be granted. But as will be explained infra, [Publix's] claims were in actuality properly dismissed for a lack of subject-matter jurisdiction, and we affirm the dismissal under the right-for-any-reason doctrine.

(Citations and punctuation omitted.) *Pinnacle Benning LLC v. Clark Realty Capital*, 314 Ga. App. 609, 612 (724 SE2d 894) (2012), disapproved of on other grounds by *Song v. eGPS Solutions I, Inc.*, 371 Ga. App. 357, 363 (1), n. 7 (899 SE2d 530) (2024).

The complaint alleges that, as part of an action filed in federal court by several Georgia governmental entities against the manufacturers and distributors of opioid medications, the County sued Publix, asserting that its stores located in the county were a public nuisance because they filled opioid prescriptions. The County was

represented in this litigation by a private law firm that charged a contingency fee. The County later dismissed its claims against Publix in the federal suit without prejudice.

Publix then filed the subject action seeking a declaratory judgment that (1) the County's contingency fee agreement with the private law firm violated Georgia public policy; (2) the County violated OCGA § 41-2-2 by authorizing a private law firm to file or re-file public nuisance claims against Publix in the federal action; and (3) Publix's operations in the county do not constitute a public nuisance.[2] The County filed a motion to both strike the complaint under OCGA § 9-11-11.1, and to dismiss under OCGA § 9-11-12 (b) (6).

The trial court granted the motion, concluding that the County's participation in the federal suit arose from protected activity, thus triggering the anti-SLAPP statute. OCGA § 9-11-11.1 (b) (1). The trial court further found that Publix failed to establish the requisite probability of prevailing on its claims.[3] Id. In the alternative, the

---

[2] Publix filed the subject action pursuant to the waiver of sovereign immunity under Article I, Section II, Paragraph V (b) (1) of the Georgia Constitution.

[3] As we have explained,

[w]hether a claim should be struck under the anti-SLAPP statute involves a two part test. First, the court must decide whether the party

trial court concluded that the complaint failed to state a claim against the County. OCGA § 9-11-12 (b) (6). Publix now appeals, arguing the trial court erred by striking its complaint under the anti-SLAPP statute and by dismissing its complaint for failure to state a claim. We conclude that Publix's claims for declaratory judgment were nonjusticiable; thus, the trial court lacked subject matter jurisdiction, and dismissal was proper.

The Declaratory Judgment Act ("the Act") authorizes courts "to declare rights and other legal relations of any interested party in cases of actual controversy under OCGA § 9-4-2 (a) and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made under OCGA § 9-4-2 (b)." (Citation and punctuation omitted.) *VoterGA v. State*, 368 Ga. App. 119, 121 (889 SE2d 322) (2023). Under OCGA § 9-4-2 (a), "[t]he idea of an actual controversy is

---

filing the anti-SLAPP motion has made a threshold showing that the challenged claim is one "arising from" protected activity. If so, the court must decide whether the plaintiff "has established that there is a probability that the plaintiff will prevail on the claim."

(Citation and footnote omitted.) *Lambert*, 370 Ga. App. at 106 (1); OCGA § 9-11-11.1 (b) (1).

often described as standing to bring the suit," and "subsection (b) of the Act broadens the scope of the Declaratory Judgment Act beyond actual controversies to include justiciable controversies." (Citations and punctuation omitted.) *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 743 (1), 747(1) (824 SE2d 644) (2019); see also *VoterGa*, 368 Ga. App. at 121-122.

Our Supreme Court has defined the term "justiciable controversies" as the existence of "circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999); see also OCGA § 9-4-1.

And, although the Act is to be liberally construed, pursuant to OCGA § 9-4-1, "no declaratory judgment may be obtained which is merely advisory, or fruitless, or which merely answers a moot or abstract question."(Citations and punctuation omitted.) *Baker*, 271 Ga. at 214 (1).

With these general principles in mind, we turn to Publix's claims for declaratory judgment. In doing so, we note that "the justiciability of a declaratory judgment action presents a threshold question." *Perdue v. Barron*, 367 Ga. App. 157, 163 (2) (885 SE2d 210) (2023); see also *Strong v. JWM Holdings*, 341 Ga. App. 309, 315 (2) (800 SE2d 380) (2017) ("When a trial court is without jurisdiction over a declaratory judgment claim because of a lack of justiciability, the proper disposition is for the trial court to dismiss the claim without prejudice."); *Empire Fire & Marine Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670, 673 (2) (507 SE2d 525) (1998) ("A dismissal of a declaratory judgment action on the ground the petitioner needs no direction from the court as to future action is a dismissal for want of subject matter jurisdiction.").

(a) *Private law firm and contingency fees*

We first address Publix's claims challenging the County's hiring of the private firm and their contingency fee arrangement in the federal opioid action as a matter of public policy and in violation of OCGA § 41-2-2. The trial court found that Publix lacked standing to seek declaratory judgment on this issue. We conclude the trial court was correct in its determination that these claims were not justiciable.

(i) *Standing*

As set forth above, in order for a party to have standing under OCGA § 9-4-2 (a), there must be an actual controversy. *U-Haul Co. of Arizona*, 348 Ga. App. at 743 (1). "For an actual controversy to exist, a party must have some right at stake that requires adjudication to protect it." *Sons of Confederate Veterans v. Henry County Bd. of Commrs.*, 315 Ga. 39, 50 (2) (b) (880 SE2d 168) (2022).

Here, Publix fails to show what right the County has violated by its choice of counsel — especially where Publix is no longer even a party to the federal action. See *Baker*, 271 Ga. at 214 (1) (declaratory judgment will not issue to resolve a moot or abstract issue). To the extent Publix contends it may validly claim a public right as a resident, taxpayer, or community stakeholder pursuant to our Supreme Court's holding in *Sons of Confederate Veterans*, 315 Ga. at 64 (2) (d), this contention is belied by the very language of its complaint. Importantly, the complaint shows that the declaratory judgments Publix seeks are limited to voiding the County's arrangements with the specific law firm in that specific federal case, to which Publix was a party. Thus, the complaint makes clear that Publix does not take issue, generally, with the County's hiring of private law firms or its payment agreements in toto, and thus its

object is not to vindicate a public right. See *Sons of Confederate Veterans*, 315 Ga. at 61 (2) (c) (iii).

In this same respect, we note that the relief Publix seeks would require a state trial court to, in essence, disqualify attorneys involved in a federal lawsuit, straining beyond reason all notions of comity between these courts. See *Hines v. Rawson*, 40 Ga. 356, 361 (1) (1869) ("The State Courts are exempt from all interference by the Federal tribunals, and the Federal Courts are exempt from all interference by the State tribunals, and each is destitute of all power to restrain either the process or proceedings in the other.") (Brown, C. J., concurring).

(ii) *Justiciable controversy*

Nor does the County's hiring of a private law firm in the federal action place Publix in a position of "uncertainty and insecurity." (Citation omitted.) *Baker*, 271 Ga. at 214 (1). To begin, Publix is no longer involved in that suit, and its claims are therefore moot. See *Strong*, 341 Ga. App. at 315 (2). To the extent Publix contends that the County can refile the action because the dismissal was without prejudice,[4] it

---

[4] In the same vein, to the extent Publix alleges the County continues to pursue settlement negotiations based on the prospect of re-filing suit, we fail to see how Publix stands apart from any potential litigant in any potential law suit. Publix thus fails to establish it is in a position of uncertainty on this ground. See *Baker*, 271 Ga. at

is well-settled that a "declaratory judgment will not be rendered based on a possible or probable future contingency because such a ruling would be an erroneous advisory opinion." (Citation and punctuation omitted.) Id.

Accordingly, we conclude the trial court correctly dismissed Publix's claims for declaratory judgment as to the County's hiring and payment of a private law firm in the federal action.

(b) *Nuisance*

We next turn to Publix's claim seeking a declaratory judgment that its "operations in Rockdale County do not constitute a public nuisance." The trial court found that this claim was not a valid basis for a declaratory action. We conclude the trial court was correct in its determination that this claim was not justiciable.

"The object of a declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. A party seeking such a judgment must establish that it is necessary to relieve [itself] of the risk of taking some future action that, without direction, would jeopardize [its] interests."

---

214 (1).

(Citations and punctuation omitted.) *Atlanta Nat. League Baseball Club v. F. F.*, 328 Ga. App. 217, 220 (761 SE2d 613) (2014).

Looking again to the language of the complaint, the sole risk Publix identifies is that the County may again name it as a defendant in the federal action. This claim is merely an end-run around any future opioid litigation against Publix, and is thus an impermissible basis for a declaratory action. *Baker*, 271 Ga. at 214 (1) ("Declaratory judgment will not be rendered based on a possible or probable future contingency. Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion *which rules in a party's favor as to future litigation over the subject matter* and must be vacated.") (citation omitted; emphasis supplied); *U-Haul Co. of Arizona*, 348 Ga. App. at 748 (1) (same); *Atlanta Nat. League Baseball Club*, 328 Ga. App. at 220-221 ("as both Georgia appellate courts have held, declaratory judgment is not available to a party merely to test the viability of that party's defenses.") (citations and punctuation omitted); *Mitchell v. W. S. Badcock Corp.*, 230 Ga. App. 352, 355 (3) (496 SE2d 502) (1998). Accordingly, we conclude the trial court's dismissal of this claim for declaratory judgment was proper.

11

However, the trial court's dismissal under OCGA § 9-11-12 (b) (6) was with prejudice. See *Pinnacle Benning LLC*, 314 Ga. App. at 614 (1) ("we presume that actions have been dismissed with prejudice when a motion is granted under OCGA § 9–11–12 (b) (6)") (emphasis omitted). As we have explained, a dismissal of a declaratory action for lack of justiciability is a dismissal for lack of subject matter jurisdiction, and is thus *without* prejudice. Id.; *Strong*, 341 Ga. App. at 315 (2); *Empire Fire & Marine Ins. Co.,* 234 Ga. App. at 673 (2). Accordingly, we vacate the trial court's dismissal to the extent it was with prejudice, and remand the case to the trial court with instructions to clarify that the dismissal was without prejudice. See *Pinnacle Benning LLC*, 314 Ga. App. at 614 (1).

(c) Because Publix's claims for declaratory judgment were nonjusticiable, we do not reach its arguments regarding the merits of the County's anti-SLAPP motion. Furthermore, because the justiciability of a declaratory action is a threshold issue, we vacate the portion of the trial court's order granting the County's anti-SLAPP motion. See *Perdue*, 367 Ga. App. at 163 (2).

*Judgment affirmed in part, vacated in part, and case remanded with direction. Land and Davis, JJ., concur.*